Before STATE INDUSTRIAL BOARD, Respondent.

CHARLES GRUBER, Claimant, Respondent, *v.* KRAMER AMUSEMENT CORPORATION and Another, Appellants.

Third Department, January 9, 1924.

Workmen's compensation — average weekly wage of minor engaged as helper on amusement railway and working one day each week, is to be determined under Workmen's Compensation Law, § 14, subd. 3 — average weekly wage cannot be based on earnings by claimant in other employments — claim remitted for further proof as to annual earning capacity of claimant.

The average weekly wage of a claimant who at the time of the accident was a minor engaged as a helper on an amusement railway at a seashore resort for one day each week, the employment being seasonal, and the claimant not having worked through the entire season prior to the accident, must be determined under subdivision 3 of section 14 of the Workmen's Compensation Law on the basis of the sum which reasonably represents his annual earning capacity in the employment in which he was working at the time of the accident.

It was improper for the State Industrial Board to base their determination of the average weekly wage of the claimant upon evidence as to his earnings in other employments.

The award is reversed and the claim remitted to the State Industrial Board for further proof as to the annual earning capacity of the claimant in the seasonal employment in which he was engaged, or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality.

APPEAL by the defendants, Kramer Amusement Corporation and another, from an award of the State Industrial Board, made on the 5th day of October, 1922.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

MCCANN, J.:

The Kramer Amusement Corporation, the employer, was operating coaster railways at North Beach, L. I. The claimant, a boy seventeen years of age, was employed as a " helper " and received four dollars per day. While engaged in his regular work his foot was crushed by one of the cars. He worked one day a week, Sunday, and was injured on the morning of July 31, 1921, the third Sunday of his employment. North Beach is a seashore resort and the employment is apparently seasonal. The claimant had not worked in this employment before; it does not appear what were the earnings, during the season, of other employees of the same or similar class, working in same or similar employment, in the same or neighboring locality, or what is the length of the season. There is considerable evidence showing what the claimant had earned while working in other employments as a machinist and a plumber's helper prior to the time of his injury. The employer and insurance carrier feel aggrieved because of the amount of the average weekly wage fixed.

In all cases, under section 14 of the Workmen's Compensation Law of 1914, the average weekly wage is the basis upon which compensation must be computed (first clause) and this average weekly wage shall be one-fifty-second part of his average annual earnings (Subd. 4). The word " employment " included " employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith. * * * " (Workmen's Compensation Law of 1914, § 3, subd. 5, as amd. by Laws of 1917, chap. 705.) One may work in the same " employment " " whether for the same employer or not." (Workmen's Compensation Law of 1914, § 14, subd. 1.) In computing the average weekly wages we are confined in all cases to earnings in the " employment " in which the claimant

was injured, and may not consider earnings from work in some other kind of employment. (*Matter of Littler v. Fuller Co.*, 223 N. Y. 369; *Matter of Minniece v. Terry Bros. Co.*, Id. 570; *McDonald v. Burden Iron Co.*, 206 App. Div. 571.) Claims which come within subdivisions 1 and 2 arise in continuous " employment." Under subdivision 1, if the injured employee has worked in the same employment, " whether for the same employer or not," during substantially the whole of the year preceding his injury, his average annual earnings shall be 300 times his average daily wage. Under subdivision 2, if he has not worked substantially during the whole of such immediately preceding year in the same employment, then his average annual earnings shall consist of 300 times the average daily wage of an employee who had worked in the same " employment " during substantially the whole of that year. Under subdivision 3, if either of the above subdivisions cannot reasonably and fairly be applied, his " annual earnings " shall be the sum which reasonably represents his " annual earning capacity " in the employment in which he was working at the time of the accident; this subdivision covers claims which arise in seasonal employment as well as other claims. (See cases *supra,* also *Prentice v. N. Y. State Railways*, 181 App. Div. 144; *Shaw v. American Body Co.*, 189 id. 365; *Rooney v. Great Lakes Transit Corp.*, 191 id. 10.) A claimant's earnings during the season in a seasonal employment would not indicate his " average annual earnings " within the meaning of the section, it not being permitted, in order to fix his " average weekly wages " to consider his earnings in some other employment during the off season; and thus under subdivision 3 we are to determine his " annual earning capacity " in the employment in which he was injured, which being determined is, for the purpose of the calculation, his " average annual earnings." Under subdivision 3, if he has worked the entire season, his earnings may measure his annual earning capacity in this employment. If he has not so worked, or if some other sufficient reason is presented, we may have regard to the earnings of other employees of the same or most similar class, working in the same or most similar employment, in the same or neighboring locality, to the end that we may determine what sum *does* represent his annual earning capacity in the " employment " in which he was injured; and such sum divided by fifty-two gives his average weekly wages.

Where the claimant is a minor, if it appears that, under normal conditions, his wages would be expected to increase, this fact may be considered in arriving at his average weekly wages. (Workmen's Compensation Law of 1914, § 14, subd. 5.) In the case of a

minor, as of other employees, we must seek his average weekly wages in the employment in which he was injured, not in some other employment. We may not speculate upon what other more lucrative "employment" a minor might enter. Were such speculation permitted, in each case of a minor, evidence could be furnished on which to claim the maximum compensation.

Upon this record not only the testimony of the employer, but the vacillating and unintelligent answers of the claimant himself, would indicate that his wages in this employment could not under normal conditions be expected to increase. In any event he cannot attain more than eight dollars per day. All employees, except the brakeman, are paid four dollars a day. The brakemen are paid eight dollars a day but must be skillful and competent men. The method adopted by the State Industrial Board in computing the compensation is not in conformity with section 14 of the Workmen's Compensation Law of 1914. On the evidence in this case, the annual earning capacity, in this seasonal employment, of the claimant, or of other employees of the same class, working in the same or most similar employment, in the same or neighboring locality, cannot be determined. The award should, therefore, be reversed and the claim remitted for further proof and consideration in accordance with this opinion.

All concur, except HASBROUCK, J., not voting, not now being a member of the court; COCHRANE, P. J., not sitting.

Award reversed, with costs against the State Industrial Board, and claim remitted for further proof in accordance with opinion.