Before STATE INDUSTRIAL BOARD, Respondent.

JOHN MACKIN, Respondent, v. PRESS PUBLISHING COMPANY and Another, Appellants.

Third Department, May 8, 1924.

Workmen's compensation — claimant worked one day each week as junior pressman — claimant was engaged in continuous and not seasonal employment — claimant had not worked substantially whole year — compensation should be calculated under Workmen's Compensation Law of 1914, § 14, subd. 2 — average daily wage of employees in same class, etc., multiplied by 300 and divided by 52 gives average weekly wage — evidence justifies finding that average weekly wage should be fixed at thirty dollars per week on basis of claimant's minority.

A claimant who worked as a junior pressman one day each week was engaged in continuous and not seasonal employment, and his compensation should be calculated under subdivision 2 of section 14 of the Workmen's Compensation Law of 1914.

Since the claimant had not worked the whole of the year immediately preceding his injury, his average weekly wage is to be determined by multiplying the average daily wage of an employee in the same class, working substantially the whole of such preceding year in the same employment and in the same place, which the evidence shows in this case to have been $4.50 per day, by 300 and dividing the result by 52, which gives a quotient of $25.96 as the average weekly wage.

But since the claimant was a minor at the time of the accident and would have advanced to the grade of pressman at the average daily wage of five dollars per day, the State Industrial Board was justified in finding that compensation should be calculated upon the weekly wage of thirty dollars.

HINMAN, J., dissents, with opinion.

APPEAL by the defendants, Press Publishing Company and another, from an award of the State Industrial Board, made on the 2d day of March, 1923.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

PER CURIAM:

Claimant was injured on August 21, 1921, when he was nineteen years of age. The compensation in this case should be calculated under subdivision 2 of section 14 of the Workmen's Compensation Law of 1914. The claimant worked one night a week as a junior pressman. He worked in an employment which was continuous and not seasonal. Men in the same employment worked during the entire year six days per week and, while junior pressmen, received four dollars and fifty cents a day. As soon as the claimant could get a card (rank of pressman) he would receive in the same employment five dollars per day; but he could not attain this rank until he had worked therein five weeks.

The claimant had not worked in the same employment during substantially the whole of the year immediately preceding his injury; but the average daily wage of an employee in the same class, working substantially the whole of such immediately preceding year, in the same employment and in the same place, was four dollars and fifty cents. Disregarding for the time the fact that this claimant is a minor, the average annual earnings of claimant consist of three hundred times this daily wage, or one thousand three hundred and fifty dollars; his average weekly wage one-fifty-second of that sum, or twenty-five dollars and ninety-six cents; his weekly compensation seventeen dollars and thirty cents. (Workmen's Compensation Law of 1914, § 14, subds. 2, 4; *Gruber* v. *Kramer Amusement Corp.*, 207 App. Div. 564.) We are seeking in this case the average weekly wage of the injured employee in the employment ("trade, business or occupation" under definition of subdivision 5 of section 3 of said act, as amd, by Laws of 1917, chap. 705) in which he was engaged when injured, without regard to how long he had worked and without regard to whether or not the employer may have extra men working but one day a week in that employment; having in view that his was a continuous employment, in which men of the same class or grade or rank worked "in the same * * * place" six days per week. (*Getman* v. *Fonda, J. & G. R. R. Co.*, 208 App. Div. 755; *Cleveland* v. *Rice*, 209 id. 257.)

But the claimant is a minor. The Board has found that under normal conditions his wages would be expected to increase. (See Workman's Compensation Law of 1914, § 14, subd. 5.) A member of the Industrial Board, in a memorandum of decision, says: "He [claimant] testified he had intended to learn the trade of a pressman." We do not find testimony in this form in the case, but claimant was asked: "Did you try to go there as an apprentice?" and he answered: "I tried to get there steady." The attorney

for the carrier, when asked by Miss Perkins, " You don't question the rate of five dollars a day? " answered, " No, I don't think that an excessive rate." There is sufficient evidence to justify the Board in finding that compensation should be calculated upon a weekly wage of thirty dollars, or five dollars per day, making the award nineteen dollars and twenty-three cents per week as found by the Board.

The award should be affirmed.

All concur, except HINMAN, J., dissenting, with an opinion.

HINMAN, J. (dissenting):

The sole question on this appeal is whether or not the State Industrial Board applied the proper method of determining the average weekly wage of the claimant. Claimant's injury was the loss of one-half the big toe and three-quarters of the use of the second toe of his left foot. Through the week he was working for a department store, driving a truck and on Saturday night he had been working for several weeks prior to the accident for the Press Publishing Company, publisher of the New York *World.* His occupation for the latter employer was that of junior pressman for which he had received four dollars and fifty cents for his night's work. His total compensation for the week, including that received as truck driver, was eighteen dollars. His accident occurred in his employment as junior pressman. Originally the Industrial Board made an award against this employer on the basis of a weekly wage of four dollars and fifty cents. Later, upon its own motion, the Board reopened the case and based the award now appealed from upon the finding that claimant was a minor whose wages under normal conditions would be expected to increase to the sum of thirty dollars per week.

It is not questioned by the appellants that in a few weeks claimant would have been eligible to receive five dollars for his night's work. It is equally clear that the full time pressmen who worked " steady " received thirty dollars a week. In adopting that sum as the average weekly wage of claimant, presumably the Industrial Board adopted the wages of full time pressmen as representing the earnings of " employees of the same or most similar class," under subdivision 3 of section 14 of the Workmen's Compensation Law. If the Industrial Board considered claimant's other occupation (as a truckdriver, a totally different employment), and the likelihood of increased compensation therein, then the award is clearly wrong. (*Gruber* v. *Kramer Amusement Corp.,* 207 App. Div. 564.)

Assuming, however, that the award is based upon the wages

paid to full time pressmen, earning thirty dollars per week and working fifty-two weeks in the year, there is no evidence to show that there was any reasonable probability that under normal conditions claimant would have given up his other occupation as a truckdriver or would have been accepted as a full time pressman, working six days in the week for the appellant employer. The question is whether the full time pressmen were " *employees of the same or most similar class*," within section 14, subdivision 3, of the Workmen's Compensation Law, when the evidence discloses that claimant had been employed only as a Saturday night worker. It is not unreasonable to suppose that the publisher of a metropolitan newspaper like the New York *World* would require an extra force of workmen on Saturday nights to help print and publish Sunday editions, which are larger than the weekday editions. Such extra Saturday night workmen would represent a distinct " class " of employees having a distinct annual earning capacity as compared with that class of employees who worked full time and had a different annual earning capacity. The claimant testified that it would have taken three weeks before he " would be a regular pressman; " but he did not explain what he meant by " regular pressman; " and the evidence does not disclose any likelihood that he would have been a regular pressman of the full time class rather than a regular pressman of the Saturday night class.

I think the award should be reversed and the claim remitted to the State Industrial Board to reconsider the matter.

Award affirmed, with costs in favor of the State Industrial Board.