In the Matter of the Claim of JENNIE DEVERSO, Respondent, against WILLIS A. PARSONS and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 17, 1927.

**Workmen's compensation — award — claimant was employed at piece work on farm picking cherries, etc.— average weekly wage not properly determined under Workmen's Compensation Law, § 14, subds. 1 or 2.**

A claimant was engaged in seasonal occupation of picking cherries and was accustomed to work for others in the same work and in the work of gathering peas, husking corn and like occasional employment. She was not a regular farm laborer. It was error, therefore, to determine the average weekly wage under subdivisions 1 or 2 of section 14 of the Workmen's Compensation Law, and it must be determined under subdivision 3 thereof.

APPEAL by Willis A. Parsons and another from an award of the State Industrial Board, made on the 20th day of April, 1926.

*William H. Foster,* for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

VAN KIRK, J.  The grounds of the appeal are: (1) The Board erred in fixing the wage rate; and (2) there is no evidence to establish the disability of claimant during the latter part of the period covered by the award.

The employer is a farmer and fruit grower who had taken out insurance.  About fifty acres of one of his farms are devoted to raising fruit, cherries and apples.  He also raises quantities of peas, corn and potatoes.  He is not a truck gardener.  During the season he employs women to do special work — to pick peas and cherries, husk corn and pick up potatoes.  They are " piece " workers and are paid a fixed price per unit.  The pea picking season lasts about three weeks; the cherry picking season about five weeks; but these overlap, the period covering the two kinds of work not exceeding six weeks.  The corn husking season does not exceed ten days.  The apple picking is not generally done by women.  He has but one employee working twelve months of the year, a general farm hand, and another general farm hand who works during the season, seven or eight months in the year.  These are his only employees.

There are a number of claims arising out of this same accident for injuries sustained by employees who were doing work similar to that done by this claimant.  She, during the year in which she was injured, had worked for this employer picking cherries only, but she was accustomed to work for others picking cherries and

peas, husking corn, cutting seed potatoes and picking up potatoes. Otherwise she worked at her own home.

The weekly wage has been fixed in this case on the theory that claimant was a farm worker, that a farm hand earns regular wages during the entire year, and the weekly wage of claimant should be fixed by the wages paid to a farm hand. We think this was error. The average weekly wage is the basis upon which compensation must be computed. Section 14 of the Workmen's Compensation Law directs how this weekly wage shall be determined under various phases of employment. This claimant had not worked in the employment in which she was working at the time she was injured substantially the whole of the year immediately preceding her injury. Her wage rate, therefore, cannot be determined under subdivision 1 of section 14. Subdivision 2 provides: " If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed." " Employment " in this section means the kind of employment and not work for any particular employer. One may be engaged in the same employment, though working for several employers. And in calculating a claimant's wage rate we may not consider her earnings in some other and different kind or class of employment. (*Gruber* v. *Kramer Amusement Corp.*, 207 App. Div. 564, 565; *Kapler* v. *Camp Taghconic, Inc.*, 215 id. 51.) Subdivision 2 makes a distinction between classes of employees working in the same employment. This claimant was one of a particular class of employees — not " the same class " with a general farm hand. She was doing part-time work; she never did the work of a general farm hand. The period within which she did her work during any year was confined between May and November inclusive, a period not to exceed seven months. This is not substantially the whole of a year. The proof in the case shows that no employee of the same class was employed in that vicinity during substantially the whole of any year. The daily wage, therefore, cannot be determined under subdivision 2; it must be determined under subdivision 3. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369.)

I do not find any satisfactory evidence, medical or otherwise, in the case tending to show that this claimant was disabled during the whole period covered by the award.

The award should be reversed and the claim remitted to deter-

mine the annual earning capacity of the claimant under subdivision 3 of section 14 of the Workmen's Compensation Law and to take further proof as to the period of disability.

COCHRANE, P. J., McCANN, DAVIS and WHITMYER, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, to determine the annual earning capacity of the claimant under subdivision 3 of section 14 of the Workmen's Compensation Law, and to take further proof as to the period of disability.