In the Matter of the Claim of INEZ BLATCHLEY, Respondent, against DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 16, 1929.

*Hart, Senior & Nichols* [*Raymond F. Nichols* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

HINMAN, J.   A workman died from a crushed spine, arising out of and in the course of his employment in ice-harvesting.   His widow has received an award based upon a daily wage of three dollars and sixty cents.   The average weekly wages have been computed under subdivisions 1 and 4 of section 14 of the Workmen's Compensation Law, by multiplying the daily wage by three hundred and dividing by fifty-two, giving an average weekly wage of twenty dollars and seventy-seven cents.   The deceased was a common laborer who was accustomed to doing various jobs of laboring work throughout the year but not in the same business or employment.   He had worked in the ice-harvesting as a common laborer for only a day or two when he was injured.   The season of ice-harvesting was approximately ninety days.   The only point raised is that the occupation was seasonal and that the average weekly wages should have been computed under subdivisions 3 and 4 of said section 14.

We agree with appellant that the business or employment in which the deceased was working at the time of his accident was ice-harvesting; that it was seasonal, and that the average weekly wages should have been computed under subdivisions 3 and 4 of said section 14.   (*Matter of Littler* v. *Fuller Co.,* 223 N. Y. 369, 372; *Gruber* v. *Kramer Amusement Corp.,* 207 App. Div. 564;

*McDonald* v. *Burden Iron Co.*, 206 id. 571; *Testo* v. *Burden Iron Co.*, 211 id. 219; *Kittle* v. *Town of Kinderhook*, 214 id. 345.) Where the employment in which an employee was working at the time of his injury was seasonal, it has been held that earnings in other business or employment cannot be utilized by the State Industrial Board in reaching a determination as to annual average earnings under subdivision 3 of said section 14. (*Gruber* v. *Kramer Amusement Corp.*, *supra*; *Matter of Deverso* v. *Parsons*, 221 App. Div. 622.)

Our attention is called, however, to the fact that subdivision 3 of the said section 14 has since been amended by chapter 754 of the Laws of 1928 and these words inserted: " or other employment as defined in this chapter." The date of the accident to deceased was February 4, 1928. He died on that same day. Chapter 754 of the Laws of 1928 became effective July 1, 1928. As the deceased worked at " other employment " besides ice-harvesting during the year and as it may be assumed that his labor in his various employments may have been practically continuous during the year preceding the accident, the question is whether his earnings in such " other employment " may be taken into consideration under the new amendment. If so, further evidence should be taken as to previous earnings in " other employment," since the record is devoid of such evidence.

We think the amendment of 1928 cannot be given retroactive effect. The accident and death preceded the amendment. It cannot be said that this amendment is procedural merely and applicable to all cases thereafter heard and decided. It is a substantive change in the law. Its apparent purpose and effect are to enlarge the field of consideration as to previous earnings and correspondingly to increase the sum representing annual average earnings from which the average weekly wages are computed, under subdivision 4 of said section 14, by taking one fifty-second part thereof. The direct purpose is to increase the amount of the award and such is its necessary effect. The employer secures compensation insurance upon the basis of the compensation risks set forth in the statute at the time, covering the employment in which he is engaged. Ice-harvesting employment carried its own hazard. Presumably the premium did not exceed a reasonable estimate of the risks incidental to that employment, which under our former decisions would include a computation of average weekly wages on the basis of earnings in that employment alone. In thus limiting the premium in accordance with the hazard, the employer and carrier complied fully with the legislative requirement and could not have been expected to take warning or make provision

against an amendment increasing the hazard and enlarging the benefits as to a previous accident and death. It could take warning only from the date that the amendment became a law. It is not reasonable to suppose that the Legislature intended (assuming that it had the power) to allow compensation beyond the contemplation of the employer, the carrier and the employee and to place a burden upon the carrier which it never contracted to assume. The rights of the claimant and of the employer and carrier became fixed on the date of the injured employee's death and " no statute subsequently passed should be construed to have the effect of enlarging or diminishing such rights or obligations." (*Draper* v. *Draper & Sons, Inc.*, 201 App. Div. 770; *Balderson* v. *Wallace & Co.*, 212 id. 189.)

We believe there is sufficient evidence in the record on which to base the correct award in this case. The wages of the men engaged in this ice-harvesting were three dollars and sixty cents a day. The sum which reasonably represents his annual earning capacity " in the employment in which he was working at the time of the accident," having regard to the previous earnings of the injured employee and of other employees of the same class, working in the same employment in the same locality, was three hundred and twenty-four dollars. (*McDonald* v. *Burden Iron Co.*, *supra;* Workmen's Compensation Law, § 14, subd. 3, as it existed prior to amendment of chapter 754, Laws of 1928.) His average weekly wage was one fifty-second part of three hundred and twenty-four dollars, namely, six dollars and twenty-three cents. His earnings while working in " other employment " cannot be considered. The weekly compensation to which his widow is entitled (thirty per cent of the average wages) is one dollar and eighty-seven cents, instead of six dollars and twenty-three cents as found.

The award should be modified by substituting in place of six dollars and twenty-three cents the sum of one dollar and eighty-seven cents, and as so modified the award should be affirmed.

VAN KIRK, P. J., DAVIS, WHITMYER and HILL, JJ., concur.

Award modified by substituting in place of six dollars and twenty-three cents the sum of one dollar and eighty-seven cents as the rate of weekly compensation, and as so modified affirmed.