In the Matter of the Claim of GUSSIE KADISON, Respondent, against MAX GOTTLIEB and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. In June, 1926, the claimant sustained a fracture of her arm, which injury arose out of and in the course of her employment. In computing the amount of the weekly wage the Industrial Board has calculated her entire earnings during the year immediately preceding her accident, including earnings in other employments. This is not permissible. (*Matter of Blatchley* v. *Dairymen's League Co-Operative Assn.*, 225 App. Div. 167.) But tips received and the value of her board may be considered. (*Sloat* v. *Rochester Taxicab Co.*, 177 App. Div.

---

* Amd. by Laws of 1928, chap. 754.— [REP.

57; *Hughes* v. *Belmont Lunch Company*, 212 id. 847.) In determining the weekly wage, *Matter of Dingee* v. *Dairymen's League Co-Operative Assn.* (219 App. Div. 846) is not to be construed to hold that in no wise can compensation for disability be less than eight dollars per week. Section 15, subdivision 6, of the Workmen's Compensation Law* contains this: " * * * provided, however, that if the employee's wages at the time of injury are less than eight dollars per week, he shall receive his full weekly wages " Eight dollars per week is the minimum compensation unless the weekly wages be less than eight dollars, in which case the weekly wages determine the amount of the compensation. The award should be reversed and the claim remitted. Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ., concur. Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.

---

* Since amd. and re-enacted by Laws of 1927, chap. 558.— [REP.