In the Matter of the Claim of CLYDE H. WHITMYRE and Another, Respondents, against INTERNATIONAL BUSINESS MACHINES CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion.

McNAMEE, J. (dissenting). The deceased had been employed in the factory of the appellant employer for about seven years immediately before his death, and during that time was periodically disabled by the occupational disease known as benzol poisoning; and he became finally disabled, and stopped work on December 9, 1930. His death occurred October 14, 1931. The Industrial Board found that the decedent " had been exposed to benzol over a period of several years while working for the same employer; " that his death was due to benzol poisoning, and that he became disabled on December 9, 1930, while engaged in the regular course of his employment. The Board did not find, however, the date on which the decedent *contracted* the disease. According to the proof the disease was present in the decedent several years before disablement, and probably as early as 1925. An award was made, nevertheless, on the theory that, under an amendment passed in 1931, proof or a finding of the date of contracting the disease was no longer necessary. In other words, the Board did not apply the statute as it stood at the time of disablement, but as it had been amended at a time subsequent thereto. For the purpose of applying the provisions of the statute relative to occupational diseases, " disablement " is regarded as the happening of an " accident," and the practice and procedure are the same as though an industrial accident had occurred, in the absence of specific provision otherwise. (Workmen's Comp. Law, § 38.) When the decedent was disabled on December 9, 1930, the statute provided, in so far as applicable here, that neither the employer nor his dependents should be entitled to compensation for disability or death, unless the disease was " due to the nature of his employment and contracted therein * * * within the twelve months previous to the date of disablement." (Workmen's Comp. Law, § 40.) On April 9, 1931, this section was amended to take effect July 1, by providing that " The time limit for contraction of the disease prescribed by this section shall not bar compensation in the case of an employee who contracted the disease in the same employment with the same employer by whom he was employed at the time of his disablement and who had continued in the same employment with the same employer from the time of contracting the disease up to the time of his disablement thereby." (Laws of 1931, chap. 344.) Under the statute as it formerly stood it would have been essential to prove and to find in this case that the disease was contracted within a year before disablement; but under the amendment this fact is no part of the case. The facts constituting a compensable injury under the former enactment and under the amended statute are different, and what may be a compensable injury under the amendment was not such under the former statute. The amendment altered the relations of the parties by enlarging the rights of the claimant, and increasing the obligations of the employer. Hence there has taken place in the rights and obligations of the

parties a substantive change, as distinguished from a procedural difference. Whatever right the employee had to an award under the former statute, at any time, had become extinguished long before he was disabled, and, therefore, before the amendment was passed; because the findings indicate, and the proof abundantly justifies the conclusion, that the disease in question was contracted several years before decedent stopped work. In other words, the amendment as construed, in effect, has given a right of action to these claimants which did not exist before, and when there was no corresponding right in the employee at the time of his disablement, or any later time before July 1, 1931. By its award the Industrial Board has construed the amendment to section 40 as retroactive, and necessarily bases the right of these claimants to the payments sought, on that construction. The statute itself contains no language indicating that it was the intention of the Legislature ·to make the statute retroactive, and all its provisions may operate fully without such a construction. In such a case the retroactive principle may not be applied. (*People* v. *Wendel*, 217 N. Y. 260, 263; *Jacobus* v. *Colgate*, Id. 235; *Matter of Miller*, 110 id. 217, 223.) On the contrary, the form of the amendment and the language used give support to the contention that it was not intended to be retroactive. It has been said that when the Legislature uses the language " shall take effect immediately," indication is given that it shall not be retroactive. (*Matter of Miller, supra.*) A stronger inference may be drawn when the statute uses the language, as it does in this case, " this act shall take effect July first, nineteen hundred thirty-one," several months subsequent to its enactment. The respondents contend that a claim to death benefits is one apart from a claim of an employee on account of injuries received; that the death claim does not arise until the death of the employee; and that because the amendment was in effect when the employee died, their rights are to be measured by the amendment. While the ultimate question to be decided here may be regarded as a narrow one, these contentions may not be sustained. The rights of those claiming compensation on account of death, like all other claimants, are predicated on three fundamental facts, (a) a contract of employment, (b) an accidental injury or occupational disease suffered in the employment, and (c) resulting disablement or death, all within the meaning of the statute. And while a death claim is an independent right of action which arises upon the death of the employee (*Solomone* v. *Degnon Contracting Co.*, 194 App. Div. 50; *Donoho* v. *Atlantic Basin Iron Works*, 210 id. 535; *Matter of Messnick* v. *Kahn Bros.*, 235 id. 114), the claimant must prove the same case that an employee surviving his injury would be required to prove, as well as the fact that the decedent died as the result of the industrial accident or disease. Section 40 originally provided and still provides that " neither the employee nor his dependents shall be entitled to compensation," except upon the conditions therein set forth; and thus measures the rights of the employee and those of other claimants by the same yardstick, as it were, in so far as employment, injury and disablement are concerned. The claimant, the employer and the insurance company entered into their contracts, both for employment and for compensation, under this statute which determined their respective rights and obligations. When the decedent became disabled, stopped work, and severed his relation as an employee, before the amendment was enacted, the rights of all became fixed; and at that time the employee himself had no right to compensation. And it must be presumed that the Legislature did not intend to create in the parties now before

the court new contractual rights and obligations by the subsequent amendment, even if it had power to do so. (*Matter of Blatchley* v. *Dairymen's League Co-operative Assn., Inc.*, 225 App. Div. 167.) It is thus seen that neither the employee as a claimant, nor any one making a claim based on his employment, injury and death, had any right to recover when the award was made. The amendment under consideration should be held to be prospective only; and there being no finding otherwise, and the proof being clear that the disease of the employee was contracted more than a year before disablement, the award was unwarranted. The award should be reversed, and the claim dismissed.