In the Matter of the Claim of CLYDE H. WHITMYRE and COMMISSIONER OF TAXA-TION AND FINANCE, Arising Out of the Death of GEORGE M. WHITMYRE, Leaving No Dependents, Respondents, against INTERNATIONAL BUSINESS MACHINES CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Hill, P. J., Rhodes and Bliss, JJ., concur; McNamee, J., dissents, with an opinion in which Crapser, J., concurs.

McNAMEE, J. (dissenting). George M. Whitmyre became disabled from benzol poisoning on December 9, 1930, and died of that disease on October 14, 1931, leaving no dependents. Claim was made in behalf of the estate of decedent for funeral expenses, and in behalf of the Industrial Commissioner for the two items of $500 each, pursuant to subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law; and the Industrial Board made awards accordingly.

This case was before this court on an earlier appeal (242 App. Div. 859), and the corresponding awards were affirmed; but they were reversed by the Court of Appeals (267 N. Y. 28). Then the Court of Appeals held that both notice of disablement and notice of death were essential to support an award. Notice of disablement never had been given, and accordingly the claim was " dismissed."

After the decision of the Court of Appeals dismissing the claim, the Industrial Board referred the " case " to a referee, and hearings were had, but no additional evidence was taken. The referee stated on the record, " The notice states that the case is on for the purpose of making a finding relative to notice and to reinstate

the previous award;" and he proceeded, " Acting under that suggestion I do now affirm my award and excuse the delay of giving notice of disablement." And with sustained clarity and aplomb the referee further stated, " Award as previously made is confirmed, and the excusing of the failure to give notice based upon the evidence that was previously presented and was in the hands of the Industrial Board and the Appellate Division, and also was in the record when the case went to the Court of Appeals, and it has not been changed and it is the same record, and they have simply mistook section 18 ruling for section 45 with regard to time, and the fact that the evidence itself shows that no one knew the cause of the disablement until autopsy proved it. And that is all."

It is thus seen that although the claim was dismissed by the Court of Appeals, the Industrial Board felt free to again act on the same claim, and on the same evidence, and in the same proceeding, and to make a new finding and a new decision thereon, on the assumption that the Court of Appeals was mistaken.

After the Court of Appeals had dismissed the claim, its judgment was made the judgment of this court, and the decision of the Industrial Board. There was no application to the Court of Appeals for a reargument, nor to amend its decision dismissing the claim. No new claim has been filed, nor has there been any reopening of the case, nor were any proceedings taken which in any way altered the facts which had been before the Court of Appeals, and which constituted the claim dismissed by that court. The finality of the action of the Court of Appeals was disregarded, and the Board assumed to readjudicate the same facts, in the same proceeding, which that court had finally disposed of.

It is urged that because of the continuing jurisdiction of the Industrial Board, it may continue a proceeding which the Court of Appeals has *dismissed*. This amounts to a contention that we have two judicial systems, quite independent of each other in their aspects of finality. If this be so, we must abandon the ancient theory that the Court of Appeals can finally settle the law of the State and finally adjudicate the rights of litigants. Then also, we no longer may accept the theory that when the Court of Appeals dismisses a claim, it is dismissed, and that that proceeding has come to an end; but on the contrary, that those same facts, in the same proceeding, can again be the subject-matter of decision by the Industrial Board. Such a notion is repugnant to the view long held in common by the courts and lawyers of this State; and more, such a view is out of harmony with the continuing jurisdiction which the Legislature intended to confer upon the Industrial Board. That Board is a part of the judicial system of the State, and its determinations may be reviewed by the Court of Appeals, as the statute reads, " in the same manner and subject to the same limitations not inconsistent herewith as is now provided in civil actions." (Workmen's Comp. Law. § 23.)

The view here expressed, of the finality of the Court of Appeals, does not militate against the carrying on indefinitely of any proceeding which is before the Board; nor against the reopening of a case on a proper showing, nor against a change in its conclusion because of a mistake in wage rate, nor on a change of facts, when the case is pending before it. (Workmen's Comp. Law, § 15, subd. 6-a, §§ 22, 23.) But we may not say that the Court of Appeals has *dismissed* a proceeding, or a claim, brought it to an end, and at the same time say that it is still pending before the Industrial Board. And this, of course, is not the same as to say that the

Industrial Board may not initiate a new proceeding, as it might reopen an old one, upon new or different facts. But the Industrial Board may not disregard a final adjudication of the Court of Appeals, and then go forward in the same proceeding, on the same facts, as though the Court of Appeals had not adjudged that there was *no case* for judicial consideration. (*Matter of Di Donato* v. *Rosenberg*, 256 N. Y. 412; *Matter of Anderson* v. *Johnson Lighterage Co.*, 214 App. Div. 743; affd., 241 N. Y. 523.) The Board cites the case of *Matter of McMahon* v. *Gretzula* (238 App. Div. 877) and the *Di Donato Case* (*supra*) as supporting its contention; but neither of those cases is an authority for its action.

And even if it were true that the Industrial Board was free to proceed on a claim which had been dismissed by the Court of Appeals, the evidence in the case is such as to require a reversal of any award made.

The appeal is before this court on a shortened record, pursuant to the provisions of Board rule 18, according to which a certified " statement of facts " is substituted in place of omitted testimony. According to this statement of facts, the deceased was in contact with benzol in his employment from January 8, 1923, to the time of disablement on December 9, 1930; the existence of the disease of benzol poisoning, as stated by the referee on the record, was established " by two physicians " back to 1925, if not 1923; the deceased contracted the disease in 1925, and suffered from it until his death; the appellant raised the question that section 40 of the Workmen's Compensation Law limited an award to disease contracted within twelve months before disablement; the said amendment to section 40 was not effective until July 1, 1931, and was not retroactive; and the findings in this case are the same as the findings made in January, 1934, except for the finding that notice of disablement could not be given because " the cause was unknown." It will be observed that the foregoing is a certified statement of facts, as distinguished from testimony.

It is thus evident that the benzol poisoning was contracted by the deceased about five years before disablement, at a time when notice of disablement was required to be given within twelve months after the disease was *contracted*. (Workmen's Comp. Law, §§ 38, 40, as amd. by Laws of 1928, chap. 754.) This statute was amended, effective July 1, 1931, and the twelve-month provision was repealed (Laws of 1931, chap. 344); but the amendment was not retroactive. There is no finding that the deceased contracted the disease within twelve months before disablement, as was required by the statute then in force; and, of course, there was no evidence to support such a finding. This matter was discussed *in extenso* on the prior appeal (242 App. Div. 859, 860).

And despite the " statement of facts," above referred to, and despite the testimony of the three physicians, called by the claimants, that the deceased had been suffering from and had been treated for benzol poisoning from 1925 until the time of his death, the Board excused the failure to give notice of disablement, as it stated, because no one knew the cause of disablement until after death. All the evidence on the question established the contrary. The awards, if otherwise legal, were without the necessary finding and without evidence to support them.

The awards should be reversed, on the ground that the alleged claim was not before the Industrial Board when the awards under review were made.

Crapser, J., concurs.