ARMOUR & CO. v. RENAKER et al.

(Circuit Court of Appeals, Sixth Circuit.    March 4, 1913.)

No. 2,282.

1. COMPROMISE AND SETTLEMENT (§ 19*)—MISTAKE—NATURE OF RELIEF.
    Where a compromise and settlement was effected after extended negotiations concerning demands wholly unliquidated on both sides, when it was discovered that by mistake a payment made by complainant of $4,900 had been omitted, of which defendant had knowledge but kept silent, complainant was, at most, entitled to have the settlement set aside and the whole controversy opened, and was not entitled merely to have the settlement surcharged to the extent of the mistake.
    [Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 67, 71–75; Dec. Dig. § 19.*]

2. COMPROMISE AND SETTLEMENT (§ 19*)—UNLIQUIDATED DEMANDS—MISTAKE.
    Where by complainant's mistake, of which defendant had knowledge, a settlement of unliquidated demands between them was arrived at without taking into consideration a payment of $4,900 made by complainant to defendant, the burden was on complainant, in a suit to set aside the settlement, to show that it had, in fact, been injured, and that the substantial equities of the parties required that defendant should make some repayment to complainant because of the mistake.
    [Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 67, 71–75; Dec. Dig. § 19.*]

3. COMPROMISE AND SETTLEMENT (§ 19*)—MISTAKE—SUIT TO VACATE—CROSS-BILL.
    In a suit to set aside a compromise and settlement because of complainant's mistake in omitting to take into consideration a payment of $4,900 made to defendants, defendants, having asked no affirmative relief, were not required to file a cross-bill in order to authorize the court to consider their original equities in determining whether in equity and in good conscience they were liable for any amount to complainant notwithstanding the mistake.
    [Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 67, 71–75; Dec. Dig. § 19.*]

4. COMPROMISE AND SETTLEMENT (§ 19*)—VACATION—MISTAKE—EVIDENCE.
    In a suit to set aside a compromise and settlement agreement for complainant's mistake in eliminating from consideration a payment made to defendant of $4,900, it appearing that, notwithstanding such mistake, defendant had already sustained more than half the loss under a contract between the parties, resulting from the fault of one or the other, or probably both, the court properly determined that defendant had no money which in equity belonged to complainant, and that it was therefore not entitled to a vacation of the settlement.
    [Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 67, 71–75; Dec. Dig. § 19.*]

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by Armour & .Co. against S. Renaker and others. From a decree for defendants (191 Fed. 48), complainant appeals. Affirmed.

At the close of extended business dealings between the parties complainant's (appellant's) books showed an indebtedness to. it from defendants (and associates), amounting to about $4,000. Defendants denied some items and claimed off-sets or counterclaims, all to such an extent that the net balance, due from complainant to them, was about $7,500 (allowing credit to complainant only for the same payments which it had charged on its books). Negotiations resulted in an offer by complainant that it would pay to defendants $1,500 in full settlement of all claims both ways. Defendants accepted this offer, the payment was made, and all parties joined in a written contract of mutual compromise and satisfaction. Later complainant discovered that from its books and from its statements rendered it had omitted one payment of about $4,900 which it had made to defendants; and the evidence fairly requires the conclusion that defendants, when they accepted the offer and closed the compromise contract, knew that complainant was laboring under this mistake. Complainant filed this bill, asking that the settlement be surcharged with this sum of $4,900, and that it have judgment against defendants for this amount. Proofs were taken covering, not only the matter of the mistake and the settlement contract, but also the entire original dispute. The District Judge, though convinced of the mistake and that (not improbably) the defendants knowingly took advantage thereof, yet was not satisfied that upon the whole matter complainant had suffered any injustice, or that defendants had any money which rightfully belonged to complainant. He therefore dismissed the bill.

Brown & Nuckols and T. L. Edelen, all of Frankfort, Ky., for appellant.

J. T. Simon, of Cynthiana, Ky., for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges

DENISON, Circuit Judge. We find three questions of law and one of fact presented by this record. They are whether a complainant, under such a situation, may surcharge a settlement without reopening the original dispute; where the burden of proof is when the matter is reopened; whether a cross-bill was necessary; and whether the evidence justified the final conclusion of the District Judge.

[1] 1. This was not the case of a mere mistake in figures where the parties were settling an account according to some exact methods of computation. The matters in dispute on both sides were largely or wholly unliquidated and incapable of liquidation by an accountant. They involved estimates of expenses and of damages, and the only settlement possible was by "lump sum" method. It is found as a fact by the District Judge, and is obvious enough, that the defendants would not have made the settlement on the basis which they did, if modified by the sum of this mistake. If complainant's account and demand had been rectified and increased by this sum, defendants might or might not have made some further concessions than they did make. No one knows. In such a situation we think it is very clear that the settlement cannot be merely surcharged and then enforced. If it made a decree on this theory, the court would be making, for the parties, a contract which they never made, and which it

is not likely they ever would have made. When a dispute of such a character is compromised and settled, and when one party is acting under a material mistake of fact, and the other party knows of such mistake and keeps silent, the party who is misled by the mistake is entitled (no other conditions forbidding) to have the settlement vacated and the parties restored to their original situation; but that is the extent of his right, and that was the extent of complainant's right to relief in this case.

[2] 2. The question of burden of proof seems to have been practically important. The damages claimed by defendants' would be difficult to establish according to strict rules of proof; and if the settlement had not been made, and the defendants had been compelled to bring suit or affirmatively to establish their demands on a counter claim, they might have been, in part, unable to make the necessary proof, and so might have failed. The present litigation finds the money, the right to which is disputed, in the hands of defendants. It has been voluntarily paid over by complainant. True, it is not entirely accurate to speak of this payment as voluntary, since it was affected by the mistake, but it was within the sum which defendants were in good faith demanding and within the claim which they might have established or which complainant might eventually have conceded. We think the District Judge was right in putting upon complainant the burden of showing with reasonable clearness or certainty that it had been injured, and that the substantial equities of the parties required some repayment to it—in other words, the burden of showing its rightful and equitable title to the money in dispute as well as the merely legal right which might, prima facie, flow from the fact of payment by mistake.

[3] 3. Defendants filed no cross-bill, and their answer does not set up all the claims which their proof developed. It is now urged that for lack of cross-bill the court could not consider defendants' original equities. This position is not well taken. Defendants are not seeking to impeach or reform any contract, or to have any affirmative decree in their favor. They are defending. Their proofs only indicate reasons why the existing situation shall be let alone, and why complainant is not entitled to relief in equity. This does not call for a cross-bill. Further, complainant, by its bill, did not ask specifically the only relief to which it was entitled, viz., a general re-examination of the dispute, it prayed relief to which it had no right, it has no standing except under its prayer for general relief; and it cannot complain if the court, upon which it had by its complaint and its prayer conferred general jurisdiction of the subject-matter, proceeded to dispose of the whole controversy upon the proper legal theory.

[4] 4. Upon the question of fact involved, we see no occasion to revise the conclusion reached by Judge Cochran. If the contract had been carried out to the letter by both parties and the mistaken double payment had not been made, defendants would have been entitled, at the end, to receive some $14,000. Including the $1,500 final payment made and the $4,900 error, they still suffer more than half the loss resulting from the fault of one or the other or (probably) both. The

District Judge gave exhaustive study to a very extended record, and his conclusion is:

"Yet, notwithstanding this certain mistake on plaintiff's part, I am much persuaded that the plaintiff ought not to recover. This is not because the mistake was not mutual. I do not understand that in such a case as we have here it is essential that the mistake be mutual. It is because, under the circumstances, it is not equitable that plaintiff should recover. It seems to me that $1,500 is no more than plaintiff should have paid defendants in settlement. The evidence makes clear that the plaintiff was at fault. * * * It also satisfies me that plaintiff had no right to deduct most, if not all, the items which it claimed the right to deduct in both accounts from the amount due defendants. As it is, the defendants have stood more than one-half of the loss on the four shipments in question, and I think that was enough for them to stand. I am quite sure that knowledge on the part of defendants that plaintiff was advised as to the true state of the matter as to which it was mistaken would not have led them to consent to any better settlement than they did."

It results that the decree should be affirmed, with costs.