weeks after the accident and that knowledge upon the part of the employer of the accident and that decedent was otherwise injured was insufficient.

*William H. Foster* and *T. Carlyle Jones* for appellants.

*William V. Hagendorn* for claimant, respondent.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for State Industrial Board, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of LOUIS ANDERSON against JOHNSON LIGHTERAGE COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

*Workmen's Compensation Law — jurisdiction — former adjudication — State Industrial Board without jurisdiction to reopen case after decisions by Appellate Division and Court of Appeals that it had no power to make award.*

*Anderson* v. *Johnson Lighterage Co.,* 214 App. Div. 743, affirmed.

(Argued October 7, 1925; decided October 27, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 26, 1925, reversing an award of the State Industrial Board, made under the Workmen's Compensation Law. The claimant, a longshoreman, in 1917 was injured by a fall on a dock in the course of his employment. An award, under the Workmen's Compensation Law, was made but on appeal to the Appellate Division said award was reversed and the appeal dismissed (182 App. Div. 152) on the ground that claimant was engaged in maritime work. On appeal to the Court of Appeals the decision of the Appellate Division was affirmed (224 N. Y. 539), and thereafter a writ of certiorari to review the decision of the Court of Appeals was denied by the United States Supreme Court (248 U. S. 574). Upon the theory that by a later decision of the United States Supreme Court it had been held that injuries received on land were not maritime, the case was reopened by the Industrial Board

and a new award made. The Appellate Division reversed on the ground that it had been finally determined that the Industrial Board had no jurisdiction to make an award.

*Albert Ottinger,* Attorney-General (*E. C. Aiken* of counsel), for appellant.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for respondents.

Order affirmed, with costs against State Industrial Board; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEWELERS BUILDING CORPORATION, Respondent, *v.* STATE TAX COMMISSION, Appellant.

*Tax — mortgage tax — agreement consolidating two mortgages — recording tax paid on entire amount — improper to impose separate recording tax upon one of consolidated mortgages.*

*People ex rel. Jewelers Building Corpn.* v. *State Tax Commission,* 214 App. Div. 99, affirmed.

(Argued October 7, 1925; decided October 27, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 10, 1925, which annulled so much of a determination of the State Tax Commission as held that a certain instrument executed by the relator to the Equitable Trust Company was subject to a recording tax under article 11 of the Tax Law. Relator had mortgaged its real property for $750,000, the mortgage had been recorded and the recording tax paid. Thereafter the mortgage was assigned to the Equitable Trust Company. On the same day relator executed and delivered to that company an additional bond and mortgage for $250,000 on the same property and the Equitable Trust Company and relator executed an agreement consolidating the two bonds and mortgages. The $250,000 mortgage and the consolidation agreement was thereafter recorded. The State