In the Matter of the Claims of NUNZIATO DI DONATO and Others, Respondents, against MORRIS ROSENBERG and Another, Appellants, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*Alfred W. Andrews* [*Joseph F. Donovan* of counsel], for the appellants.

*Wickham & Long* [*Rowland H. Long* of counsel], for the respondent Employers' Liability Assurance Corporation, Ltd.

*Hamilton Ward, Attorney-General,* for the respondent State Industrial Board.

*Jeremiah F. Connor,* for the claimants, respondents.

HINMAN, Acting P. J.  Morris Rosenberg, a contractor, the employer herein, entered into a written contract with the owner, Kulok Realty Corporation, to make certain alterations and repairs at the place where the accident to the deceased employee of Rosenberg happened.  Rosenberg, his employer, had a policy of workmen's compensation insurance covering this operation with the Zurich General Accident and Liability Insurance Co., Ltd., one of the appellants herein.  Prior to the accident, the Kulok Realty Corporation took out a workmen's compensation policy with the Employers' Liability Assurance Corporation, Ltd., respondent herein, which purported to cover the premises where the accident happened, and it was issued to cover " Morris Rosenberg & /or Kulok Realty Corporation." The advance premium was paid by the Kulok Realty Corporation. Rosenberg had no knowledge of the existence of this policy until after the accident.  Originally an award of death benefits to claimants was made payable by the Zurich Insurance Company only.  Subsequently the policy issued by the Employers' Liability to the Kulok Realty Corporation was discovered and on April 19, 1928, a lump sum award to the widow was made by the State Industrial Board against both carriers, each being required to pay

one-half of the award. An appeal was taken from that award by both carriers. The sole question sought to be raised by each on that appeal was whether the lump sum award was in the interest of justice. In order to shorten the record on appeal a stipulation in writing was signed by the attorneys for all parties to the appeal, including the Employers' Liability, in which it was conceded that the Employers' Liability Assurance Corporation, Ltd., "is a coinsurer with the Zurich General Accident and Liability Insurance Company, Ltd., insofar as the claim herein is concerned, of the employer Morris Rosenberg; that in view of this fact the only question left for determination on the appeal is the question of the advisability of a lump sum award." That appeal was argued at the September term, 1928, in this department. The award against both carriers was unanimously affirmed by this court. (225 App. Div. 712.) Both carriers then made payment of the award to the widow and continued to pay death benefits to the minor children. Thereafter and in July, 1929, upon the application of the Employers' Assurance Corporation, Ltd., and upon the ground that it had newly-discovered evidence, the case was reopened by the State Industrial Board. Upon new evidence thereafter taken the Board has modified its previous decision of April 19, 1928, which had been affirmed by this court, by releasing from all liability the Employers' Liability and placing full liability upon the employer and the Zurich, the latter to be credited, however, for any amount of compensation which may have been paid by the Employers' Liability. From this decision and modified award the employer and the Zurich appeal. In reaching this decision the Board has found that " the contract entered into between Kulok Realty Corporation and the Employers' Liability Assurance Corporation, Ltd., in so far as it related to Morris Rosenberg, was entered into under a mistake of law; " that " there was no contractual relationship existing between the Employers' Liability Assurance Corporation, Ltd., and Morris Rosenberg, the employer of the deceased herein; " and that the stipulation, signed by all parties at the time of the said appeal, conceding coinsurance, " is not now conclusive upon the Board and has no binding effect inasmuch as the Employers' Liability Assurance Corporation, Ltd., did not actually know that there was no binding contract in existence at the time the stipulation was signed, and there is nothing in this record which indicates constructive knowledge on the part of the Employers' Liability Assurance Corporation, Ltd."

It is urged by the appellants that contracts made for the benefit of third persons have been enforced by the courts of this State since the case of *Lawrence* v. *Fox* (20 N. Y. 268); that the Employers'

Liability Assurance Corporation, Ltd., assumed a contractual obligation to Morris Rosenberg which is enforcible not only by him but also by his injured employees, because this standard form of policy provides a distinct and independent contract with the employees, which is a binding obligation until canceled according to law (*Aioss* v. *Sardo*, 249 N. Y. 270); and that the policy on its face covered Rosenberg and his employees and that the State Industrial Board was without equity jurisdiction to reform or modify the policy by eliminating Morris Rosenberg and his employees from its coverage. (*McMahon* v. *Gretzula*, 227 App. Div. 256.) We do not pass upon these questions.

We prefer to rest our decision on another ground, urged by the appellants, to wit, that the former award of the State Industrial Board against both insurance carriers, as coinsurers of Morris Rosenberg, having been affirmed by this court was *res judicata* as to coinsurance; and that the law of the case, thus determined, could not thereafter be disturbed by the State Industrial Board upon the facts presented.

" Upon final determination of such an appeal the Board shall enter an order in accordance therewith." (Workmen's Compensation Law, § 23.) We do not overlook the general rule that the State Industrial Board has continuing jurisdiction (Workmen's Compensation Law, §§ 22, 123), but it seems to us that where a case has been finally passed upon in the appellate courts, the law of the case has been settled as to all matters necessarily in issue and adjudicated. It is unimportant that this adjudication rested in part upon a stipulation conceding coinsurance. " Where one makes concessions of record material to the issue, the decree involves a finding in accordance with such concessions." (2 Freeman Judgments [5th ed.], § 660.) Estoppel by judgment includes both law and fact. " Where the causes of action are the same the judgment is conclusive as to every matter of law or fact involved in the claim whether urged or not." (Id. § 708.) Such a judgment on the merits " need not be the result of a trial or hearing on controverted facts, if the parties have had a legally sufficient opportunity to present the merits of the controversy and have waived or otherwise lost the right to such a hearing." (Id. § 725.) The stipulation in question was an unqualified concession, signed by all parties including the State Industrial Board. " Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce." (*Matter of New York, L. & W. R. R. Co.*, 98 N. Y. 447, 453; *Crouse* v. *McVickar*, 207 id. 213.) " The agreement of the

parties to thus limit judicial inquiry is binding upon the courts, as it is not unreasonable nor against good morals or public policy." (*Hong Kong & Shanghai Banking Corp.* v. *Cooper*, 114 N. Y. 388, 395; *Hine* v. *New York Elevated R. R. Co.*, 149 id. 154, 161.) We will not say that in no case, after affirmance by the courts, can awards or decisions of the State Industrial Board be modified. In the case of *Anderson* v. *Johnson Lighterage Co.* (214 App. Div. 743; affd., 241 N. Y. 523) we held that the dismissal of the claim on a former appeal deprived the Board of continuing jurisdiction because the claim having been dismissed was no longer before the Board. In the case of *Madderns* v. *Fox Film Corporation* (222 App. Div. 785) we did not necessarily decide the question here presented. We have never held that newly-discovered evidence might not afford a basis of relief, where there was sufficient mistake of fact, or fraud, or imposition upon a client or the court, due to excusable neglect and where due diligence was exercised. (34 C. J. 288.) We do not find facts here that justify relief from the stipulation under the recognized authorities for such relief. There is no contention that there was fraud or imposition or lack of authority to enter into the stipulation and there was no mistake of fact. There was perhaps a lack of full knowledge of the facts but that was plainly due to failure to exercise diligence to discover the facts or to a mistake of law when the stipulation was signed. " A proceeding to open or vacate a judgment cannot be sustained on any grounds which might have been pleaded in defense to the action, and could have been so pleaded with proper care and diligence." (34 C. J. 286.) The respondent insurance carrier has had a legally sufficient opportunity to present the merits of this controversy and has failed to do so.

The award should be reversed and the former award, holding the respondent Employers' Liability Assurance Corporation, Ltd., a coinsurer, reinstated, with costs against said respondent to the appellants.

DAVIS, WHITMYER and HILL, JJ., concur; HASBROUCK, J., dissents and votes for affirmance.

Award reversed and former award, holding the respondent Employers' Liability Assurance Corporation, Ltd., a coinsurer, reinstated, with costs against the said respondent to the appellants.