**COLORADO MILLING & ELEVATOR CO. v. HOWBERT, Collector of Internal Revenue.**

No. 575.

Circuit Court of Appeals, Tenth Circuit.
March 28, 1932.

Rehearing Denied May 14, 1932.

James L. Goree, of Denver, Colo. (William V. Hodges and D. Edgar Wilson, both of Denver, Colo., on the brief), for appellant.

Ralph L. Carr, U. S. Atty., of Denver, Colo. (Ivor O. Wingren, Asst. U. S. Atty., of Denver, Colo., on the brief), for appellee.

Before LEWIS and COTTERAL, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge.

This is an appeal from a judgment dismissing an action brought against the collector of internal revenue by the Colorado Milling & Elevator Company to recover $15,-196.87, with interest from March 8, 1923, representing an amount paid as interest on unpaid income and excess profits taxes for the fiscal year ending June 30, 1917, which were erroneously assessed against appellant.

This case was not tried on its merits, but demurrers were sustained to the original complaint and the amendment thereafter filed thereto. Appellant filed a second amended complaint, which the collector of internal revenue moved to strike from the files. The motion to strike was sustained; appellant declined to plead further and the action was dismissed.

Appellant's second amended complaint contained two causes of action. The first cause of action alleged that subsequent to September 11, 1919, additional income and excess profits taxes, amounting to $465,974.-35, were assessed against appellant for the fiscal year ending June 30, 1917. Appellant, within the time allowed by law, filed claim for abatement of the entire amount of the

additional assessments. The Bureau of Internal Revenue then reduced such additional taxes to $299,199.83 and the appellee demanded that appellant pay the same, together with $78,564.70 interest thereon. Appellant paid the taxes, amounting to $299,199.83, and made a written offer to pay appellee interest upon the true amount of such additional taxes for the year in question as might be due from appellant, at the rate of one-half of one per cent. per month from the date the same became due until March 8, 1923, when it was paid. The offer was set out in the complaint in full. It tenders $50,103.42 in settlement of the interest, stating that the amount so offered in compromise represents a sum computed at one-half of one per cent. per month upon the amount of the additional taxes then thought to be due. The offer in compromise and the tender were duly accepted by the Commissioner of Internal Revenue, by and with the consent of the Secretary of the Treasury.

Thereafter, appellant filed a claim for refund of $91,175.25 of the taxes, and a refund of a proportionate part of the interest payment, which claim was allowed in part, and a refund of $90,750.29 of the principal amount was allowed and paid to appellant. The claim for refund was disallowed in so far as it sought to recover the proportionate part of the interest payment amounting to $15,196.87. The offer in compromise which was included in the second amended complaint, is set out in the margin.[1]

The second cause of action of the second amended complaint sets forth the facts alleged in the first cause of action, except that it does not mention the offer in compromise, but alleges that appellant paid as interest on additional taxes assessed, the sum of $50,103.42, whereas the lawful interest charge upon the additional taxes, as the same was finally determined, was $34,906.55, and that by reason thereof the appellee became indebted to appellant in the sum of $15,196.87, for which appellant prayed judgment.

The second amended complaint was stricken from the file upon the motion of the appellee upon the ground that it was identical with the original complaint as amended on file in the cause.

The question for determination is whether the second amended complaint of appel-

---

[1] "Commissioner of Internal Revenue, Washington, D. C. That the Colorado Milling and Elevator Company, a corporation organized and existing under the laws of the State of Colorado, has been charged with a violation of law consisting of a liability for interest accrued on the sum of $299,199.83 which represents the amount of unabated income taxes; that on or about September 12, 1919, assessment and demand was made by the Collector of Internal Revenue for the District of Colorado against taxpayer, the Colorado Milling and Elevator Company, for additional income and profits taxes amounting to $379,943.72, alleged to be due from taxpayer on its return for the fiscal year ending June 30, 1917; that on or about October 29, 1921, assessment and demand was made by said Collector of Internal Revenue against taxpayer for further additional income and profits taxes amounting to $86,030.63 on its return for said fiscal year ending June 30, 1917, the said two additional assessments for said fiscal year thereby amounting to $465,974.35; that believing said additional taxes so assessed were illegal, taxpayer filed Claims for Abatement of the entire amount of said assessments and thereafter presented evidence and argument in support of its contentions to the Bureau of Internal Revenue; that the amount of the true and lawful liability for income and excess profits taxes against said taxpayer for said fiscal year ending June 30, 1917, was finally determined by the Income Tax Unit, Bureau of Internal Revenue, and taxpayer notified thereof by letter dated December

23, 1922, and the aforesaid additional income and profits 'taxes reduced from the said sum of $465,974.35 to $299,199.83;' that taxpayer received further notice of said adjusted additional tax from the Collector of Internal Revenue by letter, dated February 26, 1923, and the interest computed by said Collector on said additional liability of $299,199.83 amounts to $78,564.70 which said interest represents 26¼ per cent. of the principal or additional tax as adjusted; that the computation of said interest by the Collector is summarized in his letter as follows:

| | |
|---|---:|
| Total tax | $299,199.83 |
| Total interest at 1% | 56,922.57 |
| Total interest at ½% | 21,642.13 |
| | $377,764.53 |

"That of the total interest stated above, $56,922.57, computed on said principal of $299,199.83 at the rate of 1 per cent. per month for that part of the period of time beginning with the date of filing said Claims for Abatement to November 24, 1921; that deponent verily believes that the amount of interest computed as above shown and which is in the nature of a penalty is wholly disproportionate to the amount of principal on which it is computed and thereby works an undue hardship upon this taxpayer. That taxpayer, The Colorado Milling and Elevator Company, since the filing of its Claims for Abatement, has been very diligent in presenting its evidence and argument and has in all ways sought to induce as expeditious a determination as possible; that on numerous occasions deponent and taxpayer's representatives have called personally at the offices of the Income Tax Unit in Washington, urging that a determination of taxpayer's true and lawful liability be made at the earliest possible date.

"The total amount of interest computed by the Collector as aforesaid amounts to $78,564.70; that having been advised of taxpayer's privilege to submit an Offer in Compromise of the liability incurred, taxpayer hereby voluntarily tenders the sum of $50,103.42 as the amount of interest to be added to the aforesaid additional tax liability of $299,199.83. That the amount of interest hereby offered in compromise represents a sum computed at the rate of ½ of one cent. per month.

"It is my understanding that this offer does not relieve me from the liability incurred unless and until the offer is actually accepted, and that the offer can not be considered as having been accepted until the date on which formal notice of acceptance thereof is signed by the Commissioner."

lant set forth facts sufficient to constitute a cause of action in its behalf against the collector of internal revenue.

■■ If a cause of action pleaded is merely a repetition of another cause of action set up in the same complaint, it may be stricken on motion. Proper v. John Bene & Sons, Inc. (D. C.) 295 F. 729. However, the court should proceed with extreme caution in striking a pleading.

■ In the instant case the motion to strike must be treated as a demurrer, in conformity with the practice of the state courts, as the motion to strike was sustained because the second amended complaint was identical with the original complaint as amended, to which a demurrer was sustained for the assigned reason that it did not state facts sufficient to constitute a cause of action.

■ The allegations in appellant's second amended complaint are, for the purpose of testing the pleading on demurrer, taken as true, Graig v. Gage (D. C.) 25 F.(2d) 326; Goldsmith v. Standard Chemical Co. (C. C. A.) 23 F.(2d) 313; Lyons v. Reinecke (C. C. A.) 10 F.(2d) 3; United States v. Skinner & Eddy Corporation (D. C.) 5 F.(2d) 708, as well as facts that may be inferred therefrom by reasonable and fair intendment, Moore v. East Tenn. Telephone Co. (C. C. A.) 142 F. 965.

The second amended complaint of appellant recites the assessment of additional income and excess profits taxes, the computation of interest thereon, the compromise of the interest, and the subsequent refund of $90,750.29 of the principal amount, which constituted an overassessment. The offer in compromise very plainly discloses the intention of the parties, and shows that, as expressly stated in the offer, the amount of interest offered in compromise represented a sum computed at the rate of one-half of one per cent. per month. The offer in compromise further discloses that the interest at the rate of one-half of one per cent. per month was computed upon the sum of $299,-199.83. There can be no doubt as to the intention of the parties in making the offer in compromise; and there can likewise be no question but that the offer was computed upon the theory and proposition that the sum of $299,199.83 was the correct amount of taxes due by appellant. It may reasonably be inferred from the allegations of the second amended complaint that the additional assessment was made by the collector of internal revenue in good faith, and in the honest belief that the additional assessment represented the true and correct amount of income and excess profits taxes owed by appellant. It may likewise be inferred that the taxpayer believed in good faith that the assessment of the additional income taxes was due by it, and that the assessment of $299,199.83 was the sum fixed by the parties as the amount due, and upon this sum the interest was computed at the rate of one-half of one per cent. per month, which rate constituted the compromised and agreed interest charge upon the sum due by the taxpayer. These inferences may legitimately be drawn from the allegations contained in the second amended complaint, and it clearly appears from the allegations that both, the collector of internal revenue and appellant, were mistaken about the fact as to the amount of income and excess profits taxes owed by the taxpayer.

It is insisted by appellee that as a compromise had been made regarding the payment of interest upon the additional income and excess profits taxes, the compromise must stand regardless of the refund. Appellee insists that as the full amount of interest claimed was not paid by appellant, but a smaller amount was agreed upon in compromise, the interest item is not the subject of further litigation, as the agreement and compromise of the parties is conclusive and final.

■■ A compromise is a contract, and compromises are favored in the law. Such a contract is subject to construction by a court as to its meaning and validity and consideration. Big Diamond Mills Co. v. United States (C. C. A.) 51 F.(2d) 721, and cases cited. Where a settlement is entered into or a compromise is made under a mutual mistake as to a material fact, relief may be had. 12 C. J. 351, § 49 and cases cited. A mutual mistake of fact generally affords relief from the performance of contracts, and a contract of compromise stands in this regard upon the same plane as other agreements. If one party knows of the mistake and keeps silent, the party who is misled by the mistake is entitled to have the settlement vacated. Armour & Co. v. Renaker (C. C. A.) 202 F. 901. We may reasonably infer that in the instant case there was a mutual mistake which resulted in the computation of interest in the amount of $50,-103.42. If the true and correct amount of the taxes had been determined instead of the erroneous assessment, a lesser sum would have been agreed upon, as the pleading in

the cause embodying the offer in compromise clearly shows that the offer was the payment of interest at the rate of one-half of one per cent. per month upon the true amount due. The mutual mistake of a material fact, as disclosed by the second amended complaint, is sufficient in law to have afforded appellant relief from the compromise and to have entitled it to the return of the sum paid by it excessively as interest.

The compromise contract, which was well pleaded in the second amended complaint, is subject to construction by the courts as to its meaning, validity, and consideration in view of the language employed. Big Diamond Mills Co. v. United States (C. C. A.) 51 F.(2d) 721. The compromise clearly indicates that the parties intended to pay interest at the rate of one-half of one per cent. per month upon the amount of taxes due and payable. This was plainly stated in the offer of compromise; the computation of the interest at the rate expressed in the offer was upon the amount of taxes erroneously assessed.

A case similar upon its facts, but not presenting an offer in compromise disclosing the intention of the parties to compromise the interest at the rate of one-half of one per cent. per month as clearly as the instant case, was considered by the Eighth Circuit Court of Appeals in Big Diamond Company v. United States, supra. That court held that the implied condition that if the tax itself is returned as unwarranted, the interest paid under the compromise agreement will also be returned. It was held that the interest was merely a part of the tax, made so by section 14 (a) of the Revenue Act of 1916 (39 Stat. 756, 772), which remained in force under Revenue Act of 1917 (40 Stat. 300), and by section 250 (e) of the Revenue Act of 1921 (42 Stat. 227, 264, 266), being the act in effect when the interest payments were made. The liability was held to be single, the tax and the penalty being held a single liability.

In our opinion, the cited case properly construes the contract of compromise of interest under circumstances similar to those presented herein. The instant case presents a contract capable of but one construction, to wit, that the parties intended to compromise the interest at the rate of one-half of one per cent. per month upon the amount of taxes due.

We therefore conclude that the second amended complaint of appellant stated a cause of action, and that the trial court erred in striking it from the files and in dismissing the cause. The judgment of dismissal is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.