426 P.2d 199

Donaciano **MARRUJO**, Plaintiff-Appellee,

**v.**

Camila **CHAVEZ**, Defendant-Appellant.

No. 8099.

Supreme Court of New Mexico.

March 20, 1967.

Rehearing Denied April 20, 1967.

Melvin T. Yost, Manuel A. Sanchez, Santa Fe, for appellant.

Roberto L. Armijo, Las Vegas, for appellee.

## OPINION

CHAVEZ, Chief Justice.

Defendant-appellant Camila Chavez appeals from a judgment vesting title in appellant to a certain tract of land, divesting title from appellant of another tract of land, and from an order denying appellant's motion to set. aside a stipulation entered into with plaintiff-appellee Donaciano Marrujo.

Appellee filed suit against appellant to quiet title to certain lands in Mora County, New Mexico. Appellant answered and cross-claimed. The parties entered into a stipulation providing that appellee was to deed and convey to appellant a certain tract of land, and that appellant was to deed and convey to appellee a certain tract of land, the parties to exchange deeds. Prior to the exchange of deeds, appellant filed a motion to set the stipulation aside on the grounds: (1) That appellee had no title to all of the lands which, by the stipulation, he agreed

to convey to appellant; (2) that in entering into the stipulation, appellant relied on the representations made by appellee, that he was the owner of the tract of land which he agreed to convey; and (3) that a deed from appellee to appellant would be fraudulent and ineffective as to 5.79 acres, which would be contained in the tract to be so conveyed by appellee to appellant. Appellee filed a traverse to the motion, alleging: (1) That the stipulation was entered into without any misrepresentation and with full knowledge of the facts and circumstances; (2) that appellant was seeking to enlarge and deviate from the terms of the stipulation; (3) that appellee was prepared to perform his agreed part of the stipulation; and (4) that the trial court should enter judgment based upon the stipulation. The trial court granted judgment in favor of appellee, from which judgment appellant now appeals.

The stipulation states in part:

"The parties to the above cause hereby stipulate and agree by their respective counsel to settle the issues in the above case upon the following basis;

"1. That the Plaintiff Donaciano Marrujo, joined by his wife, by warranty dead [sic], convey to Camila Chavez, or her nominee the following described lands:

"That portion of the tract of land that was deaded [sic] to Donaciano Marrujo by Lily [sic] S. Dyer and husband recorded in Book O–17, page 516, Mora County Clerk's Records, being a portion of land surveyed as Small Holding Claim 5934, Tract One in Section 14, Township 20 N. Range 14 East, which lies south of the main public road from Ledoux to the properties of Antonio Martinez, Wayne and Carl Sawyers and others."

The Dyer deed, recorded in book O–17, page 516, of the Mora County Clerk's records, states:

"A tract of land situated in Precinct No. 16 and located in the NW¼ of Section 14 in Township 20 North, Range 14 East, N.M.P.M., in Homestead Patent No. 5934, Tract 1, in the J. W. E. Walker Homestead, and more particularly described as follows, to-wit: Beginning at the Southeast corner of this tract, thence North 65 degrees 30 West 10.73 chains, to the Southwest corner of this tract; thence North 26 degrees East 25.21 chains to the Northwest corner of this tract; thence South 65 degrees 30 minutes East 10.73 chains to the Northeast corner of this tract; thence South 26 degrees west 25.21 chains to the point and place of beginning; containing 20 acres, more or less."

A portion of the land described in the Dyer deed lies south of the main road, as stated in the stipulation, and is rectangular, with a length of 17.3 chains on an axis of N. 26° E., and a width of 10.73 chains on

an axis of N. 65° 30′ W. Contained within this rectangle described in the Dyer deed is a smaller rectangle, composed of land lying within Small Holding Claim 5934, Tract 1, measuring 7.38 chains in width by 17.3 chains in length, containing 12.77 acres which will hereinafter be referred to as tract "A." Also included in the Dyer deed description is another rectangle of land lying to the northwest and parallel to tract A, composed of land lying within Small Holding Claim 5141, Tract 1, measuring 3.35 chains in width by 17.3 chains in length, containing 5.69 acres which will hereinafter be referred to as tract "B."

It appears that through error tract B was included in the Dyer deed description. The basis for the apparent error is shown by an examination of appellant's Exhibit 7, which was received in evidence at the pre-trial conference and is a plat survey of the area. The error evidently crept into the Dyer deed because the plat survey, showing the south boundary of Small Holding Claim 5934, Tract 1, is given as N. 65° 30′ W. measuring 7.38 chains, and if this boundary is projected to the section line between sections 14 and 15, the measurement is shown as 10.73 chains. The Dyer deed description, by stating the width as 10.73 chains, included in the deed tract B which, by the plat survey, would appear to be owned by one Antonio Martinez. We do not now decide the ownership of tract B.

Upon these facts, appellant's complaint is that if she had known she would receive by warranty deed title to land measuring only 7.38 chains in width and containing 12.77 acres, she would not have entered into the agreement. Appellant states that appellee, by the terms of the stipulation, agreed to convey the land described in the Dyer deed lying south of the main road which, by the deed description, was to measure 10.73 chains in width and contain approximately 20 acres.

Stipulation of settlement with judgment to be entered is regarded as removed from the ordinary stipulation, particularly procedural ones, which the court is free to set aside or not in its broad discretion and for the sake of convenience alone. It is usually required there be a showing equivalent to that necessary to set aside a contract in equity. 161 A.L.R. 1192; Alldredge v. Alldredge, 20 N.M. 472, 151 P. 311. It is incumbent on the party moving, to avoid the consequences of a written stipulation, to show good cause why the terms of the stipulation should not be carried out. Xenakis v. Leslie, (Fla.App. 1963), 152 So.2d 500; Roin v. Checker Taxi Company, 36 Ill.App.2d 447, 184 N. E.2d 736. A party seeking relief from a stipulation of settlement has a heavy burden of persuasion. Wagner v. Myers, 355 Mich. 62, 93 N.W.2d 914.

Appellant seeks relief from the stipulation by arguing that there was mis-

representation, because if appellee knew, as he was bound to have known, that he had no title to the whole of the tract described in the Dyer deed lying south of the road which he agreed to convey, and if he knew, as he was bound to have known, that the tract would be 5.69 acres short of the acreage that would have been conveyed by appellee to appellant and did not advise appellant of these facts, then appellant is entitled to relief. To support this argument, appellant cites Colorado Milling & Elevator Co. v. Howbert, (10th Cir. 1932), 57 F.2d 769, and Armour & Co. v. Renaker, (6th Cir. 1913), 202 F. 901. We cannot accept this contention. There is nothing in the record to support appellant's allegation that appellee knew of the error, or that appellee did not advise appellant of the error, and appellant does not point to any evidence that will support this contention.

Appellant also contends that there was a mutual mistake of fact, because the parties to the stipulation acted under the mistaken belief that the tract described by the Dyer deed measured 10.73 chains, when in fact the tract to be conveyed by the Dyer deed only measures 7.38 chains in width and, because the tract that can be conveyed to appellant will be short 5.69 acres, the mistake was material. 15A C.J.S. Compromise and Settlement § 36(b), p. 256. The term "mutuality" has an appeal that cannot be overlooked. Often it would appear there

is attached to the words "mutual mistake" an almost emotional connotation, whereby numerous errors may be vaguely asserted without forcing the party making the assertions to precisely strike at the heart of the matter. The idea behind the term is of importance but, unfortunately, the rules and principles connected with the term are not easily stated. It seems clear, however, that courts, in deciding whether or not relief should be granted in such instances, often tend to examine the additional factors accompanying the asserted mutual mistake. 3 Corbin on Contracts, § 608 at pp. 670–671; III American Law of Property, § 11.21 at pp. 60–61.

█ If we examine the factors relative to the execution of the stipulation and assume that there was a mistake of fact, we find ample facts in the record which should have alerted a person of reasonable prudence to the apparent error in the Dyer deed, prior to the final agreement embodied in the stipulation. Appellant and appellant's counsel have been involved in litigation concerning the land in question for several years, the first quiet title action resulting in an appeal and decision filed in February, 1963. Chavez v. Chavez, 71 N.M. 362, 378 P.2d 603. Between the filing of the complaint in the instant case on June 3, 1963, and the stipulation on April 29, 1965, several of appellee's and appellant's exhibits were received in evidence at a pre-trial conference which exhibits, on examination,

should have alerted appellant to the now alleged mistake of fact, one such exhibit having been discussed previously in this opinion.

■ The instant case is similar to Harris v. Spinali Auto Sales, Inc., (1966), 240 Cal. App.2d 447, 49 Cal.Rptr. 610, where there was a stipulation dividing the net assets of a corporation. The court, in considering the rights the parties contracted for through their stipulation and whether, after such agreement, they were entitled to rely upon claims, other than those reached by their stipulation, stated:

"* * * The applicable general rule is thus set forth in 83 C.J.S. Stipulations § 35b(2), pages 91–92:

"'Courts may set aside stipulations where a mistake of fact is clearly shown, on such terms as will meet the justice of the particular case; but in order to warrant relief the mistake must be of a material character, such as will change the legal rights of the parties, and the mistake must be one which could not have been avoided by the exercise of ordinary care.'"

The court then noted that one of the parties sought to prove that he did not know exactly what the assets of the corporation were at the time of the stipulation, and stated:

"Thus, the plaintiff was attempting to retreat from the effect of the stipulation, which, through his counsel he had voluntarily made in open court. When there is no mistake but merely a lack of full knowledge of the facts, which, as here, is due to the failure of a party to exercise due diligence to ascertain them, there is no proper ground for relief. (Di Donato v. Rosenberg, 230 App.Div. 538, 245 N.Y.S. 675; 83 C.J.S. Stipulations § 35, p. 91.)"

See also, L. E. Smith Construction Co. v. Bearden Plumbing and Heating Co., (Okl. 1962), 372 P.2d 229; Vece v. De Biase, 46 Ill.App.2d 248, 197 N.E.2d 79; International Motor Rebuilding Co. v. United Motor Exchange, Inc., 193 Kan. 497, 393 P.2d 992.

■ Contrary to appellant's contention, we do not think it is clearly apparent that there was a mutual mistake of fact. Evidently, appellant arrives at this contention by considering only the first few words of the stipulation stating:

"That portion of the tract of land that was deaded [sic] to Donaciano Marrujo by Lily [sic] S. Dyer and husband recorded in Book O–17, page 516, Mora County Clerk's Records, * * *."

Then appellant ignores the rest of the paragraph; skips to the Dyer deed; incorporates into the stipulation the fact that the deed states the width of Small Holding Claim 5934, Tract 1, as being 10.73 chains; ignores the fact that the deed only pur-

ports to convey "A tract of land \* \* \* in Homestead Patent No. 5934 Tract 1;" and ignores the language of the stipulation that the land to be conveyed is:

"\* \* \* a portion of land surveyed as Small Holding Claim 5934, Tract One in Section 14, Township 20 N, Range 14 East, which lies south of the main public road from Ledoux to the properties of Antonio Martinez, \* \* \*."

The stipulation makes no mention of any specific width or acreage, nor is it agreed to convey land from any small holding claim other than "Small Holding Claim 5934, Tract One." From counsels' statements in court, it is also clear that the parties intended to convey Small Holding Claim 5934, Tract One, south of the road. In view of these unambiguous statements, the error in the Dyer deed cannot be incorporated into the stipulation. Appellee is prepared to convey to appellant Small Holding Claim 5934, Tract One, south of the main road, and appellant's action is merely an attempt to retreat from the effect of the stipulation because of her failure to ascertain the full facts. Appellant has not shown sufficient grounds to warrant relief from the stipulation.

■ Appellant also contends that the land of which she is divested of title, as described in the judgment, is by surveyed description, with nothing in the record to show the basis for that description and, therefore, the entry of such judgment is error.

We find no merit in this argument. The pleadings and exhibits offered and received in evidence show sufficient facts to justify the entering of judgment by surveyed description.

■ Appellant's next contention is that the trial court did not notice appellant to appear for entry of judgment and, although the judgment recites appearance by counsel, it is an ex-parte judgment. There is no merit in this contention. The record reveals that appellant's counsel was requested to appear for a hearing on the motion to set aside the stipulation and on the requests contained in appellee's traverse, one of such requests being that judgment be entered based on the stipulation. At the conclusion of the hearing, the trial court stated:

"So, the judgment may be entered that the stipulation will be approved and that the parties comply with the stipulation in accordance therewith."

Appellant's counsel made no objection to this statement and judgment was properly entered pursuant to Rule 70, Rules of Civil Procedure, (§ 21–1–1(70), N.M.S.A., 1953 Comp.).

■ Appellant's final contention is that, if the trial court's decision is affirmed, she should be reimbursed $48.00 of the cost of the record, because more than half of the transcript was unnecessarily requested by appellee's counter-prae-

cipe. Supreme Court Rule 22(7), (§ 21–2–1(22) (7), N.M.S.A., 1953 Comp.). This contention is without merit because the material complained of provided background to show that there was a dispute, which the trial court could have decided if the case had gone to trial. Also, in appellant's reply brief, part of the material complained of is used in appellant's rebuttal argument.

Finding no error, the judgment is affirmed.

It is so ordered.

CARMODY, J., and OMAN, J., Court of Appeals, concur.