[Civ. No. 8201. First Appellate District, Division Two.—July 21, 1932.]

ARCHIBALD ANDREW, Respondent, v. BANKERS & SHIPPERS INSURANCE COMPANY OF NEW YORK (a Corporation) et al., Appellants.

Miller & Thornton, H. A. Thornton and H. B. M. Miller for Appellants.

W. S. Andrews and E. T. Cooper for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for deceit and had judgment for $14,594. Defendants appeal on typewritten transcripts.

The cause was partly tried at an earlier date when, upon the close of plaintiff's case, the trial court granted defendants' motions for nonsuit. On appeal this order was reversed. (*Andrew* v. *Bankers & Shippers Ins. Co.*, 101 Cal. App. 566 [281 Pac. 1091].) In the opinion then rendered a full statement of the facts of plaintiff's case appears to which reference may be had. For the purposes of this

opinion we may state briefly that plaintiff and the Oakland branch of the Bank of Italy were engaged in lending money on and discounting automobile paper; that defendant Earsman was the local agent of his co-defendant insurance company; that one Shouse was engaged in buying and selling second-hand automobiles upon which he issued conditional sales contracts. That plaintiff and the local manager of the Bank of Italy agreed with Earsman that he should make a personal inspection of the cars held by Shouse, should issue a policy of insurance upon each car and should attach a rider to each policy certifying that he had made such inspection and had found the make and number as represented in the policy; that paper covering about two hundred cars was handled in this manner, but that, in the case of eleven cars, Earsman failed to make any inspection, but relied on the word of Shouse. In these instances the numbers inserted in the insurance policies were spurious and no cars corresponding to such numbers were owned or possessed by Shouse. The basis of the action is that Earsman fraudulently represented these facts to the plaintiff, and that the plaintiff, relying on these representations, purchased the paper to his injury in the amount sued for. Earsman's relation as agent of the insurance company is conceded and both defendants appeal on the same briefs.

In our previous opinion we discussed all the points relating to the issue of deceit and held that the evidence tendered by the plaintiff was sufficient to make out his case. When the cause was called for the second trial the plaintiff offered in evidence the complete transcript of the former proceeding, the defendants offered two depositions of Earsman and the plaintiff then put on three witnesses for oral testimony in rebuttal. This, with the stipulation of facts and some exhibits offered by agreement, constituted the trial. Upon this evidence the trial court made complete findings covering all the issues. The defendants now argue that we should review this evidence and reach a different conclusion.

The appeal does not present any intricate question of law. As we heretofore ruled that plaintiff's evidence was sufficient in all respects to support a judgment in his favor that ruling is the law of the case on this appeal to that extent. When the defendants tendered evidence controvert-

ing that showing there was committed to the trial court the duty of resolving the conflict, if any, and the case then comes back to us with the single question whether there is substantial and competent evidence supporting the court's findings. This question has already been determined on the former appeal. (*Meline Co.* v. *Kleinberger*, 108 Cal. App. 60, 62 [290 Pac. 1042].) At this point we are then confronted with the well-settled rule that, even where there is conflicting evidence, if there is sufficient substantial and competent evidence to support the finding of the trial court, that finding is conclusive on appeal.

The appellants seek to avoid this conclusion by arguing that we are not bound by the findings because the greater part of the evidence was documentary or included in stipulations or depositions. The argument is not sound because there is no *substantial* or irreconcilable conflict in the depositions with the evidence offered by plaintiff and because, what slight conflict appears therein, was met by oral testimony heard by the trial court. ■ In its final analysis the main point on this appeal is whether, when a considerable portion of the evidence is found in depositions and documents the appellate court should review all the evidence and determine what, in its opinion, is true and what is false. That such is not the function of the appellate court where the evidence consisted of ''the transcript of the testimony taken before another judge and deposition evidence'' is the rule of *Tupman* v. *Haberkern*, 208 Cal. 261 [280 Pac. 970, 973].

■ One other point may merit consideration. The parties had stipulated in writing as to the facts and this stipulation was received at the first hearing. Under a second stipulation the full transcript of the first trial was received in evidence, including this stipulation of facts. Thereafter, and in presenting appellants' case, counsel for appellants sought to withdraw the portion of the agreed statement of facts which stipulated that none of the cars involved in the action was ''possessed'' by Shouse when the policies of insurance were issued. It is now argued that, having demanded the withdrawal of that portion of the stipulation, the appellants may urge that the evidence is insufficient to support the trial court's finding on that point. The argument is not sound because appellants did

not have the right to withdraw the stipulation which was made for the "trial" of the action which means the second as well as the first trial (*Nathan* v. *Dierssen*, 146 Cal. 63, 65 [79 Pac. 739]), and also because other evidence conclusively proved that the facts as incorporated in the stipulation were true.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 20, 1932.