## MORGAN v. UNITED STATES.
### No. M-76.

Court of Claims.
Nov. 5, 1934.

750

Lloyd E. Anderson, of Washington, D. C. (Charles D. Hamel and Hamel, Park & Saunders, all of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

This suit is for the recovery of an admitted overpayment in respect of the tax of plaintiff for 1925. The amount sought to be recovered is $8,342.08, being the total of the overpayment made of the first two installments of a tax erroneously shown to be due by plaintiff on his return for that year amounting to $6,832.08 and $1,510 deposited with the collector of internal revenue in connection with two offers of compromise of the remaining two unpaid installments shown on the return aggregating $6,838.86. The amount offered in settlement of the last-mentioned amount was covered into the treasury by the collector upon the Commissioner's acceptance thereof. Whether the offer made by plaintiff and the acceptance thereof by the Commissioner of an amount less than the aggregate of the last two installments of the tax shown in the return as a compromise of what both parties erroneously assumed to be the balance of plaintiff's tax liability for 1925 bars recovery of all or any portion of the amount paid by plaintiff constitutes the main question in the case.

Counsel for the defendant relies upon the rule that a compromise settlement is binding and conclusive and precludes further inquiry by the court into the matter to which it relates. We agree that this is the general rule but it is subject to certain exceptions, one of which is that a contract or compromise entered into under a mutual mistake is not binding and may be modified or set aside. Under the facts in this case we are of the opinion that the compromise settlement in

this case was entered into under a mutual mistake of fact, was without consideration, and is, therefore, not a bar to plaintiff's right to recover the overpayment in question. Plaintiff showed the amount in question as a tax upon the return which he had filed and the Commissioner assessed the same as a matter of formal procedure in the Bureau of Internal Revenue by signing the list upon which the collector had entered the amount shown on the return, which he forwarded in the customary and usual course to the Commissioner. But there had never been a determination by the Commissioner or any one acting for him that the amount thus shown by plaintiff as a tax was in fact legally due. Likewise neither party to the transaction knew that plaintiff had erroneously set forth in his return as income an amount which was not taxable income to him under the true facts and the provisions of the taxing act. The records of the partnership, of which plaintiff was a member, truthfully showed, as the Commissioner subsequently determined, that plaintiff had no income from the partnership for 1925. By reason of an error in the preparation of the partnership tax return by the office manager of the business upon whom plaintiff relied, and due to certain erroneous information furnished plaintiff with reference to the net income of the partnership and his distributive share thereof, plaintiff reported to the Commissioner that he owed a tax of $13,670.-94 when in truth he had no taxable net income and owed no tax. Instead of having any net taxable income plaintiff had a net loss of $38,701.89. Before the full amount of the tax thus erroneously returned was paid, the brokerage business, in which plaintiff was a partner with P. W. Livermore, suspended operations and was placed in the hands of trustees for liquidation and plaintiff became hopelessly insolvent. He was therefore unable to make any further payments to the collector on account of the amount shown in his return for 1925. His partner was not so unfortunate and although he had erroneously reported an amount as income from the partnership equal to that reported by the plaintiff, he paid the remaining amount shown on his return to be due as a tax for 1925 and, subsequently, was refunded the entire amount.

Before the plaintiff or the Commissioner ascertained the true facts with reference to plaintiff's correct income and his true tax liability for 1925, plaintiff submitted an offer in compromise of the balance shown on his return which both parties mistakenly assumed to be due. The offers of compromise were made and acted upon by the Commissioner under the authority of section 3229, United States Revised Statutes, chapter 3, United States Code, title 26, § 158 (26 USCA § 158), which authorizes the Commissioner, with the consent of the Secretary of the Treasury, to compromise any civil case arising under the internal revenue laws. This section also sets forth that whenever a compromise is made in any case there shall be placed on file in the Commissioner's office the opinion of the Solicitor of Internal Revenue, with his reasons therefor, with a statement of the tax imposed by law in consequence of neglect or delinquency of the person against whom the tax is assessed and the amount paid in accordance with the terms of the compromise. There is no provision that such a settlement may not be inquired into and modified or set aside for proper cause. Compromise settlements under this section must, therefore, be judged by the principles announced in the decided cases involving compromises and settlement agreements.

The language of the section shows that it contemplated a compromise of a tax *liability* for an amount less than that imposed by law. Therefore it is clear, we think, that a compromise settlement of a case based upon an assumed liability that does not in fact or in law exist, and which is entered into under a mutual mistake, is not binding and does not bar the refund or recovery of the overpayment made in a case in connection with which the compromise was offered and accepted. Unconscious ignorance by both parties of a fact material to the contract or belief in the present existence of a thing material to the contract constitutes a mutual mistake of fact.

In Colorado Milling & Elevator Co. v. Howbert (C. C. A.) 57 F.(2d) 769, 771, the court held that a compromise offer made by a taxpayer and accepted by the Commissioner does not bar recovery if such compromise was made under a mutual mistake as to a material fact, and said: "A compromise is a contract, and compromises are favored in the law. Such a contract is subject to construction by a court as to its meaning and validity and consideration. Big Diamond Mills Co. v. United States (C. C. A.) 51 F.(2d) 721, and cases cited. Where a settlement is entered into or a compromise is made under a mutual mistake as to a material fact, relief may be had. 12 C. J. 351, § 49 and cases cited. A mutual mistake of fact generally affords relief from the performance of contracts, and a contract of compromise stands in this regard

upon the same plane as other agreements. If one party knows of the mistake and keeps silent, the party who is misled by the mistake is entitled to have the settlement vacated. Armour & Co. v. Renaker (C. C. A.) 202 F. 901. We may reasonably infer that in the instant case there was a mutual mistake which resulted in the computation of interest in the amount of $50,103.42. If the true and correct amount of the taxes had been determined instead of the erroneous assessment, a lesser sum would have been agreed upon, as the pleading in the cause embodying the offer in compromise clearly shows that the offer was the payment of interest at the rate of one-half of one per cent. per month upon the true amount due. The mutual mistake of a material fact, as disclosed by the second amended complaint, is sufficient in law to have afforded appellant relief from the compromise and to have entitled it to the return of the sum paid by it excessively as interest."

In Road Improvement Dist. No. 4 of Conway County, Ark., v. Wilkerson (C. C. A.) 5 F.(2d) 416, the court held that a settlement of a case by the payment of an amount less than that which was really due under a mutual mistake of fact could not stand, and allowed recovery. In that case it appeared that a final settlement was made and an amount paid to the construction company based upon final estimates for the work which had been made by the engineer for the person for whom the work had been performed, and on the mistaken assumption by both parties that such estimate was correct. It afterwards developed that there were such errors and mistakes in the final estimate as to destroy its integrity. The court said at page 419 of 5 F.(2d): "A settlement, by whatever term it may be designated, based upon a mutual mistake of material facts, may be corrected or set aside. 1 Corpus Juris, p. 570, § 105, states the rule as follows: 'An accord and satisfaction entered into and executed through mutual mistake of fact is not

binding and may be rescinded. The general rule that a contract made upon an assumed state of facts as to which there was a mutual mistake may be rescinded applies to every form of contract including accord and satisfaction.' * * * This is an action in equity. The master has found that the appellant is indebted to appellee in the sum of $50,-624.52. There is evidence to sustain this finding. A court of equity should not permit a plea of accord and satisfaction to work an injustice, if there is escape therefrom. Substantial equities of the parties require payment of what is due. If the construction company has performed this work, and furnished material to the extent which the master finds under the evidence, but has not been paid because of a mutual mistake as to the final estimate, there is no reason why, because of technical defenses, it or its trustee should be deprived of payment for work performed and material furnished. As the final estimate is based on mutual mistake, and as such errors are found in it as to destroy its integrity, the case stands in equity as if no final estimate had been made. If there is no final estimate there is no basis of settlement. The alleged accord and satisfaction is based on the final estimate and falls with it." Likewise in the case at bar the settlement was based upon an assumed liability that did not exist, and since the alleged compromise was based on that incorrect assumption, the compromise must fall with it. See, also, Moehlenpah v. Mayhew, 138 Wis. 561, 119 N. W. 826; Richardson Lumber Co. v. Hoey et al., 219 Mich. 643, 189 N. W. 923; Jackman v. Northwestern Trust Co., 87 Or. 209, 170 P. 304, and Tarbox v. Tarbox, 111 Me. 374, 89 A. 194.

The facts in this case distinguish it from the cases cited and relied upon by the defendant. Judgment will be entered in favor of plaintiff for $8,342.08 with interest as provided by law. It is so ordered.