**OTIS ELEVATOR CO. v. UNITED STATES.**

No. 43623.

Court of Claims.

Jan. 6, 1941.

T. I. McKnight, of Chicago, Ill. (Sims, Handy, McKnight & Carey, of Chicago, Ill., on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, C. J., and LITTLETON, WHITAKER, and GREEN, JJ.

WHITAKER, Judge.

The plaintiff sues on an alleged account stated.

■ On May 27, 1932, the Commissioner of Internal Revenue advised plaintiff that there was a deficiency in its income tax liability for 1929 of $1,559.80, and an overpayment of its tax liability for 1930 of $9,903.03. In his letter the Commissioner enclosed a paper denominated "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance· of Overassessment," which he suggested plaintiff should execute, in case it was in agreement with his figures. This the plaintiff did. It read in part as follows:

"[Plaintiff] consents to the assessment and collection of a deficiency in tax for the calendar year ended· December 31, 1929, in the sum of $1,559.80 * * * and accepts as correct the overassessment of income tax for the calendar year ended December 31, 1930, in the sum of $9,903.-03."

Later, the Commissioner wrote plaintiff that $1,559.80 of the overassessment for 1930 would be applied against the deficiency for 1929, and the balance would be withheld pending the determination of plaintiff's correct income-tax liability for 1926 and 1927 then pending before the Board of Tax Appeals. A certificate of overassessment followed.

We agree with plaintiff that an account stated resulted from this transaction. It is to be implied therefrom that the Commissioner promised plaintiff to credit against its liability for 1926 and 1927 such part of the balance of the overassessment for 1930 as should be necessary to settle that liability and to refund to plaintiff the balance. The tax liability for 1926 and 1927 was settled by an order of the Board determining a net deficiency against the plaintiff of $1,584.01; but, instead of the overassessment for 1930 being credited against this deficiency, demand was made on plaintiff for the payment of it, and plaintiff paid it. Under such facts the defendant would be liable for the amount of $8,343.23.

However, about ·two years later the Commissioner determined that two errors had been made in the computation of plaintiff's liability for 1930. He asserted that he had allowed plaintiff depreciation not on the cost of certain assets to plaintiff, but on an appreciated value of these assets. The difference between the amount allowed and that which he therefore said should have been allowed was $43,422.34. Also, he concluded that certain taxes paid · to the British Government by plaintiff's wholly owned British subsidiary were not allowable as a credit to plaintiff, but were allowable as a deduction. (These were taxes paid on dividends received by plaintiff as the sole stockholder of its British subsidiary.) Accordingly, the Commissioner reversed his former finding that there had been an overassessment against plaintiff for the year 1930, and determined instead that there was a deficiency in plaintiff's tax liability for that year.

■ Whether or not the Commissioner was correct in disallowing the depreciation of $43,422.34, it has been conclusively settled that plaintiff was not entitled to credit for the foreign taxes paid by its wholly owned British subsidiary, and that it is not entitled to a deduction of them. This is for the reason that the taxes were levied not on the stockholder receiving the dividend, but on the corporation paying it.

Biddle v. Commissioner, 302 U.S. 573, 58 S.Ct. 379, 82 L.Ed. 431. If these taxes be eliminated both as a credit and as a deduction, plaintiff has not overpaid its tax for 1930, but instead has underpaid it by the amount of $2,625.57.

Whether or not plaintiff was entitled to a credit or to a deduction of these foreign taxes depended upon whether or not under the English law the taxes to be credited or deducted had been levied on the corporation paying the dividends or the stockholder receiving them. What was the foreign law was a question of fact. At the time the account was stated, the Commissioner of Internal Revenue and the plaintiff were under the mistaken apprehension that the fact was that the taxes were levied on the stockholder receiving the dividend, and the account was stated under this misapprehension.

██ Where it appears that a contract has been executed under a mutual misapprehension as to a material fact, it is clear that it may be avoided by either party. Restatement of the Law of Contracts, § 502. This seems to be especially true of a contract implied from the statement of an account. Id. 422(3) and comment. The account in this case having been stated under the mistake of fact set out above, it was voidable by either party, and has been voided by the Commissioner. Suit, therefore, cannot be maintained upon it.

██ In all suits for the collection of taxes erroneously exacted plaintiff may not recover if it appears that he has not in fact overpaid his tax. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293. It is further true that even though the taxes have actually been refunded, and if it later develops that they have been erroneously refunded, the United States may sue and recover them. Talcott v. United States, 9 Cir., 23 F.2d 897, and cases there cited. Champ Spring Co. v. United States, 8 Cir., 47 F.2d 1. A fortiori if, before there has been a refund of them, it is discovered that plaintiff has not in fact overpaid its tax, no refund will be required.

█ We have found as a fact that if these English taxes be eliminated from consideration, either as a credit or as a deduction, there has been no overpayment for the year 1930, but instead a deficiency of $2,625.57. Both for the reason that the

account stated has been voided by the Commissioner and for the reason that it appears that the plaintiff has not in fact overpaid its tax, the plaintiff is not entitled to recover. Its petition will, therefore, be dismissed. It is so ordered.

WHALEY, C. J., and LITTLETON and GREEN, JJ., concur.