SkeltoN, Judge,
dissenting:
I respectfully dissent. The majority opinion treats this case as a suit for the refund of income taxes. If one takes that view, perhaps the majority decision is correct. However, I take a different view. I do not regard the case as a suit for refund of income taxes, but as one to rescind a contract of settlement because of a mutual mistake of fact and to recover funds paid in reliance thereon. That being the case, a claim for refund did not have to be filed within three years as defendant contends and 26 U.S.C. §§ 3772, 7422 and 6511 do not apply. The plaintiff filed its suit in this court within the six year period of limitations applicable to suits here by 28 U.S.C. § 2501, and it is, accordingly not barred by limitations.
It is admitted that the contract of settlement here (Form 870-AD) was entered into under circumstances of a mutual mistake of fact as to the mathematical calculations of the taxes due by the plaintiff. The contract provided that it could be reopened if mathematical errors were discovered. Upon the discovery of such errors, plaintiff sued to rescind the contract on the ground of mutual mistake of fact and for the recovery of the $109,665.09 which it erroneously paid to the government under the contract.
We have held that a contract can be set aside under these circumstances. See Morgan, v. United States, 80 Ct. Cl. 81, *682 8 F. Supp. 746 (1934). See also Colorado Milling & Elevator Co. v. Howbert, 57 F. 2d 769 (10th Cir.1932); Quigley v. Internal Revenue Service, 289 F. 2d 878 (D.C. Cir. 1960); and Otis Elevator Co. v. United States, 92 Ct. Cl. 590, 36 F. Supp. 328 (1941). In the Morgan case we said:
* * * Therefore it is clear, we think, that a compromise settlement of a case based upon an assumed liability that does not in fact or in law exist, and which is entered into under a mutual mistake, is not binding and does not bar the refund or recovery of the overpayment made in a case in connection with which the compromise was offered and accepted. Unconscious ignorance by both parties of a fact material to the contract or belief in the present existence of a thing material to the contract constitutes a mutual mistake of fact. [Id. at 93-94, 8 F. Supp. at 751.]
In the Otis Elevator Co. case, we said:
Where it appears that a contract has been executed under a mutual misapprehension as to a material fact, it is clear that it may be avoided by either party. (Restatement of the Law of Contracts, sec. 502.) [Id. at 597, 36 F. Supp. at 332.]
Also, it should be noted that Section 7122(c) of the I.R.S. Regulations under Section 7122 of the Internal Revenue Code of 1954 provides that a compromise agreement between the I.R.S. and a taxpayer may be set aside if it was entered into under a “mutual mistake of a material fact sufficient to cause a contract to be reformed or set aside.”
Based on these authorities and these principles, the contract here should be set aside. When this is done, the plaintiff will be entitled to restitution of the amount unjustly paid by it to the government under the void contract. Under these circumstances, there is an implied contract on the part of the government to make restitution to the rightful owner. See Kirkendall v. United States, 90 Ct. Cl. 606, 31 F. Supp. 766 (1940); Ralston Steel Corp. v. United States, 169 Ct. Cl. 119, 340 F. 2d 663 (1965); J. C. Pitman & Sons v. United States, 161 Ct. Cl. 701, 317 F. 2d 366 (1963); Shelter Island & Greenport Ferry Co. v. United States, 246 F. Supp. 488 (E.D. N.Y. 1965).
*683 The government contends that when the contract was signed it waived its right to assess accumulated earnings taxes against the plaintiff, and, if the contract is set aside, limitations would prevent its asserting such a claim now. We do not need to reach that question, because the defendant has not asked (even alternatively) in this case that its rights in that regard be restored to status quo ante in the event of rescission of the contract. Even if this were done, the plaintiff would be estopped from raising limitations because it agreed at oral argument that it had no objection to the restoration of such a claim to the government when the contract of settlement is set aside.
Under all the facts and circumstances, it appears to be extremely unjust and inequitable for the government to retain the money it erroneously received from the plaintiff under a mutual mistake of fact. The contract should be set aside and the money refunded (without interest, as this is not a suit for the refund of taxes).
I would deny defendant’s motion to dismiss and remand ■the case to the trial commissioner for trial in accordance with this opinion.