[Crim. No. 37328. Second Dist., Div. Five. Dec. 11, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
MAUD HAYLOCK, Defendant and Appellant.

**COUNSEL**

Susan L. Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney Gener-

al, William R. Pounders and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—By jury trial appellant was convicted of first degree murder with use of a deadly weapon, a knife.

Appellant killed her ex-boyfriend, William Smith. In October 1978, she was living with him at the home of his mother, Mrs. Sanchez. In December 1978, Mrs. Sanchez told William that appellant had to move out of the house because appellant had gotten into a fight with William, during which appellant drew a big butcher knife out of the kitchen drawer in order to cut him.

Appellant moved out in February of 1979 and William began dating another woman, Judith Frazer. In May of 1979 as William and Judith were leaving the Sanchez residence, appellant jumped out from behind a tree in front of William with a butcher knife in her hand. He went back up the stairs and appellant left. William and Judith subsequently moved to Judith's house.

In August 1979, appellant telephoned William's mother and told Mrs. Sanchez that William would have to pay appellant $50 a week for child support or she would burn William's car. Appellant also stated, "I can't get your son, no one else will get him."

At 5:30 a.m. on August 10 William walked out of Judith's house to go to work. Judith watched William walk to the car which was parked behind the house. Judith heard appellant's voice saying, "You son of a bitch, this is what you need." Judith observed appellant near William with her right hand bent at the elbow, her hand closed in a fist, making a forward-downward motion from the shoulder, repeating, "You son of a bitch, this is what you need." Judith ran outside and found William lying in a pool of blood. En route to the hospital, shortly before his death, William told a police officer appellant had stabbed him.

Back at Judith's house, brown sugar was discovered in and around the gasoline tank of William's car. Sugar in a gas tank ruins an engine. The police arrested appellant at her apartment and recovered from the

kitchen a kitchen knife which had just been washed and a brown sugar container.

Appellant testified in her own defense. She admitted stabbing William with a knife. She claimed it was in self-defense as he was beating her, having discovered her putting brown sugar in his gas tank.

■ Appellant's first contention is that evidence of "other crimes" was improperly admitted. She refers to her prior assault on William in the kitchen of the Sanchez home, her brandishing a knife at William outside the Sanchez home, her annoying phone calls to Mrs. Sanchez and threats to burn William's car, and her vandalism to the car. This contention is wholly without merit. All these instances of prior misconduct involved quarrels or threats directed at the specific victim of the charged crime. They were highly probative on the issues of intent, motive, and premeditation, and were properly admissible notwithstanding that they also involved criminal conduct. (*People v. Daniels* (1971) 16 Cal.App.3d 36, 45-46 [93 Cal.Rptr. 628]; see also *People v. Benton* (1979) 100 Cal.App.3d 92, 98 [161 Cal.Rptr. 12].)

■ Appellant also suggests that the court erred in failing to instruct, *sua sponte*, that such evidence was admitted for a limited purpose. The court had no duty to give such instruction *sua sponte*. (*People v. Simms* (1970) 10 Cal.App.3d 299, 310-311 [89 Cal.Rptr. 1]; Evid. Code, § 355.) Even assuming that there might be some circumstances in which an instruction on limited admissibility should be given *sua sponte* (see *People v. Williams* (1970) 11 Cal.App.3d 970, 978 [90 Cal.Rptr. 292]), this is not such a case. The evidence was so obviously admissible for multiple relevant purposes, and was so obviously not introduced merely to prove bad character, that an instruction on limited admissibility was not essential to the jury's understanding of the case.

Appellant's remaining contentions relate to her motion for new trial. After conviction but before sentencing, appellant wrote a letter to the trial judge which, in effect, requested a new trial on the basis that appellant had received ineffective assistance of counsel. At the time of sentencing, the court gave appellant ample opportunity to explain her reasons for dissatisfaction with counsel's performance. (*People v. Terrill* (1979) 98 Cal.App.3d 291, 298-300 [159 Cal.Rptr. 360]; *People v. Huffman* (1977) 71 Cal.App.3d 63, 80-81 [139 Cal.Rptr. 264]; cf. *People v. Marsden* (1970) 2 Cal.3d 118, 123 [84 Cal.Rptr. 156, 465 P.2d 44].)

Appellant had three basic complaints:

■ 1. Appellant was not from this country and claimed there was a "language barrier" between her and her attorney. The trial court had ample opportunity at the hearing and during trial to hear appellant speak and to hear her counsel, a deputy public defender with whom the court was familiar. The court could easily determine there was no language barrier which prevented effective communication between appellant and her counsel.

■ 2. Appellant claimed that she wanted to have a *non*jury trial and had so informed her counsel. The court had ample grounds to disbelieve appellant. Appellant sat through the whole jury trial to conviction without in any way making this desire known to the court. Furthermore, although he was present at the hearing and was given the opportunity to make a statement, appellant's trial counsel did not corroborate her claim.

■ 3. Finally, appellant claimed the attorney should have called certain witnesses who allegedly could testify that the victim had beaten appellant in the past. None of these witnesses was an eyewitness to the killing. Appellant had presented such evidence by way of her own testimony. The selection of what witnesses to call is a matter of trial tactics ordinarily left to the discretion of trial counsel. (*People* v. *Franklin* (1976) 56 Cal.App.3d 18, 26 [128 Cal.Rptr. 94]; *People* v. *Meals* (1975) 48 Cal.App.3d 215, 224 [121 Cal.Rptr. 742]; *In re Clarence B.* (1974) 37 Cal.App.3d 676, 681-682 [112 Cal.Rptr. 474]; *People* v. *Pena* (1972) 25 Cal.App.3d 414, 430 [101 Cal.Rptr. 804].) As the record on appeal does not reveal counsel's reasons for not calling these witnesses, no reversible error has been demonstrated. (*People* v. *Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859].)

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1981.