[No. F040410. Fifth Dist. July 25, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMON ERIC GRIGGS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Procedural History, Facts, and parts B. and C. of Discussion.

**Counsel**

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, John G. McLean and Jay A. Mark, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**GOMES, J.—**

## INTRODUCTION

Defendant and appellant Raymon Eric Griggs appeals from a judgment following a jury trial in which he was convicted of being a felon in possession of a firearm and ammunition, in violation of Penal Code sections 12021, subdivision (a)(1), and 12316, subdivision (b)(1), and of certain drug offenses. During trial, appellant and his codefendant stipulated that they had prior felony convictions for the purpose of establishing their convicted felon status as an element of the felon-in-possession charges. At the close of the prosecution's case, the jury was informed of the stipulation. ■ In the published portion of the opinion, we reject appellant's contention that the trial

court's failure to give a limiting instruction, sua sponte, concerning the stipulation violated his due process rights. In the unpublished portions of the opinion, we reject appellant's claims that he was denied effective assistance of counsel by his counsel's failure to move to sever his trial from that of his codefendant and that the trial court abused its discretion in declining to dismiss one of his prior felony convictions. We will affirm the judgment.

## PROCEDURAL HISTORY AND FACTS[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

A.  *Failure to Give a Limiting Instruction*

Appellant contends the trial court's failure to give, sua sponte, a proper limiting instruction concerning the stipulation that both he and his codefendant had prior felony convictions violated his due process rights under the federal and state Constitutions. Appellant argues that the court should have given a limiting instruction to ensure that the jury did not consider his prior felony convictions as showing that he had a propensity to commit crimes.[4]

Appellant acknowledges that he requested no such instruction, and that "in general, the trial court is under no duty to instruct *sua sponte* on the limited admissibility of evidence of past criminal conduct." (*People v. Collie* (1981) 30 Cal.3d 43, 64 [177 Cal.Rptr. 458, 634 P.2d 534]; see also *People v. Valentine* (1986) 42 Cal.3d 170, 182, fn. 7 [228 Cal.Rptr. 25, 720 P.2d 913] ["where the fact of a prior conviction is admitted solely to establish ex-felon status as an element of violation of section 12021, the trial court, *at defendant's request*, should give an instruction limiting the jury's consideration of the prior to that single purpose" (italics added)]; Evid. Code, § 355.[5]) Although there can be an exception to this rule for "an occasional extraordinary case in which unprotested evidence of past offenses is a dominant part

---

[*] See footnote, *ante*, page 1137.

[4] CALJIC No. 12.48.5 contains such a limiting instruction: "[There has been a stipulation by the parties] [Evidence has been offered to prove] that [the defendant] [_____] was previously convicted of a felony. A prior conviction of a felony is an essential element of the crime charged, which the prosecution is [otherwise] required to prove beyond a reasonable doubt. [Do not speculate as to the nature of the prior conviction. That is a matter which is irrelevant and should not enter into your deliberations.] You must not be prejudiced against a defendant because of a prior conviction. You must not consider that evidence for any purpose other than for establishing a necessary element of the crime charged [unless you are otherwise instructed]."

[5] Evidence Code section 355 provides: "When evidence is admissible as to one party or for one purpose and is inadmissible as to another party or for another purpose, the court upon request shall restrict the evidence to its proper scope and instruct the jury accordingly."

of the evidence against the accused, and is both highly prejudicial and minimally relevant to any legitimate purpose," (*People v. Collie, supra,* at p. 64), this is not such a case. The evidence of appellant's prior felony convictions did not dominate the People's case and was substantially relevant to prove the charges of being a felon in possession of a firearm and ammunition. (See *People v. Padilla* (1995) 11 Cal.4th 891, 950 [47 Cal.Rptr.2d 426, 906 P.2d 388], overruled on other grounds in *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1 [72 Cal.Rptr.2d 656, 952 P.2d 673].)

Appellant contends that the statement in *Valentine* is dictum, and if presented squarely with the issue of whether the trial court had a sua sponte duty to give limiting instruction in this case, our Supreme Court would find such a duty. Specifically, appellant contends the rule stated in *Collie* does not apply where, as here, the fact of the prior conviction is established by stipulation rather than by testimony or other means because a stipulation is not "evidence" and a jury is more likely to misuse the fact of the conviction if it is proved by stipulation rather than by other means. We disagree. A stipulation, at least as used in this context, is certainly evidence of the fact it seeks to prove—appellant's prior felony conviction. Evidence Code section 140 defines "evidence" as "testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." The stipulation at issue here, which was a thing "presented to the senses," was offered to prove the existence of a fact, i.e., that appellant had suffered a prior felony conviction. Accordingly, the stipulation was evidence because it was a means to prove appellant's prior conviction.

This conclusion is not altered by the cases appellant cites, *Harris v. Spinali Auto Sales, Inc.* (1966) 240 Cal.App.2d 447 [49 Cal.Rptr. 610] and *People v. Bonin* (1989) 47 Cal.3d 808 [254 Cal.Rptr. 298, 765 P.2d 460]. In *Harris v. Spinali Auto Sales, Inc.*, the court cited the treatise Corpus Juris Secundum as stating, " 'A stipulation, although it is not itself evidence, is the equivalent of, and may be relied on as, proof, …' " (*Harris,* at pp. 452–453.) The court, however, was not considering whether the stipulation at issue in that case was "evidence" within the meaning of Evidence Code section 140, or within the rule regarding the trial court's duty to give limiting instructions as stated in *People v. Collie.* In citing this treatise, the court recognized that a stipulation is proof; in this case it was used to prove the fact of appellant's prior felony conviction. Moreover, cases the court cited in *Harris* have stated that a stipulation is evidence. (*Harris, supra,* at p. 453; see *LeVanseler v. LeVanseler* (1962) 206 Cal.App.2d 611, 613 [24 Cal.Rptr. 206] [a stipulation regarding what an individual would testify to if called as a witness "was evidence in the case, to be considered and weighed by the court, along with all of the other evidence"]; *Rubattino v. Ind. Acc. Com.* (1944) 65 Cal.App.2d 288, 296 [150 P.2d 538], disapproved on other grounds in *Colonial Ins. Co. v.*

*Industrial Acc. Com.* (1946) 29 Cal.2d 79, 85 [172 P.2d 884] [court was "in accord" with the respondent's contentions that a stipulation of facts "may be relied upon as evidence"].)

Neither does *People v. Bonin* aid appellant. ██ In *Bonin*, our Supreme Court stated that where an offer to stipulate to certain facts is made, the facts covered by the proposed stipulation are removed from dispute; accordingly, testimony elicited to prove such facts is irrelevant and inadmissible. (*People v. Bonin, supra*, 47 Cal.3d at pp. 848–849.) The court did not consider whether the stipulation was itself "evidence" within the meaning of either Evidence Code section 140 or the rule regarding the trial court's duty to give limiting instructions as stated in *People v. Collie*, and therefore has no application here.

We do not believe, as appellant contends, that a jury is more likely to misuse the fact of appellant's prior felony conviction if it is proved by stipulation rather than by testimony. As a result of the stipulation, the prosecutor could not produce other evidence of the number and nature of appellant's prior felony convictions, thereby protecting appellant from undue prejudice that might arise from such evidence. (*People v. Valentine, supra*, 42 Cal.3d at pp. 181–183.)[6] We fail to see how a sanitized stipulation can create greater prejudice to a defendant than if the prosecution was able to present evidence, in the form of testimony or documents, of the number and nature of the defendant's prior convictions—a situation where there is no sua sponte duty to give a limiting instruction. In either situation, whether to seek a limiting instruction is a tactical decision properly left to defense counsel, since defense counsel might conclude that the risk of a limiting instruction (unnecessarily highlighting a defendant's status as a felon) outweighed the questionable benefits such an instruction would provide. (See *People v. Maury* (2003) 30 Cal.4th 342, 394 [133 Cal.Rptr.2d 561, 68 P.3d 1] [defense counsel not incompetent for failing to request a limiting instruction on cross-admissible evidence where a "reasonable attorney may have tactically concluded that the risk of a limiting instruction … outweighed the questionable benefits such instruction would provide"]; *People v. Hawkins* (1995) 10 Cal.4th 920, 942 [42 Cal.Rptr.2d 636, 897 P.2d 574], overruled on other grounds in *People v. Blakeley* (2000) 23 Cal.4th 82, 89 [96 Cal.Rptr.2d 451, 999 P.2d 675]; *People v. Johnson* (1993) 6 Cal.4th 1, 49, 50 [23 Cal.Rptr.2d 593, 859 P.2d 673].)

We also reject appellant's contention that the jury instructions given in this case created a risk of confusing the jury as to the proper use of the stipulation

---

[6] We do note that appellant did testify after the jury was informed of the stipulation to his prior felony conviction and his attorney elicited from him that he had been convicted of two felonies involving moral turpitude.

because the jury was instructed to accept the fact of conviction as proven. The court in *Collie* recognized that "[e]vidence of past offenses may not improperly affect the jury's deliberations if ... the evidence is obviously used to effect one or more of the many legitimate purposes for which it can be introduced." (*People v. Collie, supra,* 30 Cal.3d at p. 64.) ■ Where a stipulation is entered into for the purpose of proving a prior felony conviction, the fact of that conviction is "obviously used" to effect a legitimate purpose—in this case, to prove an element of the offenses of being a felon in possession of a firearm and ammunition.

It is apparent from the jury instructions given here that the obvious use of the stipulation was only to prove an element of the crimes charged. The only direct reference to the stipulation to appellant's prior felony conviction is in the instructions given with respect to the crimes of being a felon in possession of a firearm and a felon in possession of ammunition.[7] These instructions show that the stipulation was "obviously used" only to prove an element of the offense charged, and was so obviously not used to prove a propensity to commit crimes, .that an instruction on limited admissibility was not essential to the jury's understanding of the case. (*People v. Haylock* (1980) 113 Cal.App.3d 146, 150 [169 Cal.Rptr. 658].)

The jury was never instructed, as appellant suggests, that it could consider the stipulation in arriving at verdicts on all counts. Instead, the jury was instructed to apply the *law*, as stated in the jury instructions, to the *facts*; the instructions never stated that the stipulation had any purpose other than to

---

[7] The jury was instructed, in pertinent part, on these counts as follows: "The defendants are accused in counts three and four of having violated Section 12021(a)(1) of the Penal Code, a crime. [¶] Every person who, having previously been convicted of a felony, owns or has in his possession or under his custody or control any pistol, revolver or other firearm is guilty of a violation of Section 12021(a)(1) of the Penal Code, a crime. [¶] In this case the previous felony conviction has already been established by stipulation so that no further proof of that fact is required. You must accept as true the existence of this previous felony conviction. [¶] There are two kinds of possession: Actual possession and constructive possession. [¶] ... [¶] In order to prove this crime, each of the following elements must be proved: [¶] One, the defendant had in his possession or had under his control a firearm, and; [¶] Two, the defendant had knowledge of the presence of the firearm." (CALJIC No. 12.44.)

"The defendants are accused in count nine of having violated Section 12316(b)(1) of the Penal Code, a crime. [¶] Every person prohibited by law from owning or possessing a firearm, who owns, possesses or has under his custody or control any ammunition or reloaded ammunition, is guilty of a violation of Penal Code Section 12316(b)(1), a crime. [¶] Persons prohibited by law from owning or possessing a firearm include, but are not necessarily limited to, persons convicted of a felony. [¶] In this case the previous felony conviction has already been established by stipulation so that no further proof is required. You must accept as true the existence of the previous felony conviction. [¶] ... [¶] In order to prove this crime, each of the following must be proved: [¶] One a person knowingly owned, possessed or had under his custody or control ammunition or reloaded ammunition; [¶] Two, that person was prohibited by law from owning or possessing a firearm." (CALJIC No. 12.49.)

prove an element of the felon-in-possession counts. While the jury was also instructed that it may consider the fact that a witness was convicted of a felony *only* for the purpose of determining the believability of that witness, the logical conclusion from this instruction, when coupled with the instructions on the elements of the felon-in-possession counts, is that the fact of appellant's prior felony convictions could only be used to determine his credibility and to prove his status as a felon for purposes of establishing an element of the possession of a firearm and ammunition counts.

Appellant has not met his burden of showing that the federal or state Constitution requires, as a matter of due process of law, that the trial court had a sua sponte duty to give a limiting instruction in this case. The cases appellant relies on, *Spencer v. Texas* (1967) 385 U.S. 554 [17 L.Ed.2d 606, 87 S.Ct. 648], *Richardson v. Marsh* (1987) 481 U.S. 200 [95 L.Ed.2d 176, 107 S.Ct. 1702], and *People v. Ratcliff* (1990) 223 Cal.App.3d 1401 [273 Cal.Rptr. 253] do not compel such a conclusion. In *Spencer*, the United States Supreme Court noted the function of limiting instructions relating to evidence of prior convictions in a habitual offender prosecution as protecting the "defendants' interests." (*Spencer v. Texas, supra*, at p. 561.) That decision, however, does not establish as a matter of federal constitutional law an entitlement to a sua sponte instruction whenever evidence of a prior conviction is presented, either by stipulation or other evidence. While in *Richardson v. Marsh*, the court summarized its holding in *Spencer* as "evidence of the defendant's prior criminal convictions could be introduced for the purpose of sentence enhancement, so long as the jury was instructed it could not be used for purposes of determining guilt," this statement was dictum. (*Richardson v. Marsh, supra*, at p. 207.) Finally, in *People v. Ratcliff*, the Court of Appeal was not presented with the issue of whether a trial court is required to give a limiting instruction sua sponte. (*People v. Ratcliff, supra*, at p. 1407.)

In sum, we conclude the trial court did not err in failing to give a limiting instruction, sua sponte, with respect to the stipulation to appellant's prior felony conviction.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1137.

## DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Buckley, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 15, 2003. Baxter, J., did not participate therein.